HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL SMALL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM D/B/A MULTICARE,<br><br>Defendant. | NO. 3:24-cv-05552-LK<br><br>**DEFENDANT MULTICARE HEALTH SYSTEM'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) & 12(b)(6)**<br><br>**NOTE ON MOTION CALENDAR: November 4, 2024**<br><br>**ORAL ARGUMENT REQUESTED** |



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................1

BACKGROUND ....................................................................................................3

A. Plaintiff's Characterization of His Use of MultiCare's Website ...............3

ARGUMENT ........................................................................................................4

I. PLAINTIFF CANNOT ALLEGE THE INJURY-IN-FACT NECESSARY TO ESTABLISH STANDING ..........................................................................4

II. PLAINTIFF'S COMPLAINT DOES NOT SUFFICIENTLY ESTABLISH ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED ..........................6

A. This Court Should Adopt the Rationale of *Nienaber* and Dismiss Plaintiff's Claims ..........................................................................6

B. Plaintiff Cannot State an ECPA Claim Because the Complaint Does Not Establish the Existence of Sensitive Information Transferred or Intercepted (Count I) ..................................................8

C. Plaintiff's Various Breach of Contract and Related Claims Cannot Survive a Motion to Dismiss..............................................................10

1. Plaintiff Has Not Stated a Claim for Breach of Express or Implied Contract (Counts II & IV) ..........................................10

2. Plaintiff Has Not Stated a Claim for Breach of the Implied Duty of Good Faith and Fair Dealing (Count III)........................13

D. Plaintiff Has Not Stated a Cognizable Claim for Breach of Fiduciary Duty (Count VI)......................................................................14

E. Plaintiff Cannot State a Claim for Unjust Enrichment (Count VII) ........15

F. Plaintiff Fails to State a Claim for Negligence (Count V).......................16

1. MultiCare Has No Duty to Safeguard Browsing Data under Washington Law, HIPAA or the FTCA .....................................16

2. As MultiCare Had No Duty, MultiCare Did Not Breach a Duty ..............................................................................18

3. Plaintiff Has Failed to Allege Damages......................................18



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

G. Plaintiff's Invasion of Privacy Claim Must Be Dismissed (Count VIII) ....19

H. Plaintiff has Not Stated a Claim Pursuant to the Washington Consumer Protection Act (Count IX) ....22

CONCLUSION ....24

CERTIFICATION OF WORD COUNT ....25

CERTIFICATION OF CONFERRAL ....25



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant MultiCare Health System (hereinafter "MultiCare" or "Defendant") files this Motion to Dismiss Plaintiff Darryl Small's (hereinafter "Plaintiff") Complaint.

**INTRODUCTION**

Plaintiff seeks recovery from MultiCare on the flawed theory that MultiCare improperly disclosed its patient's personal health information ("PHI") and personally identifiable information ("PII") (collectively, "Sensitive Information") to Meta Platforms, Inc. d/b/a Meta ("Facebook") and/or Google LLC d/b/a Google ("Google") through pixels (the "Tracking Pixel" or "Pixel(s)") overtly disclosed and at use on MultiCare's publically accessible Online Platforms. Plaintiff attempts to ride on the coat tails of the explosion of national pixel usage class action lawsuits by alleging nothing more than hypothetical acts and theoretical, rather than concrete, harms Plaintiff alleges resulted from his completely voluntarily access and use of MultiCare's website. Unlike traditional data breach cases, however, here (1) there was no criminal actor, no bad intent, and no intrusion into MultiCare's systems and, more significantly, (2) this is not a case about Sensitive Information at all, much less a case about personally identifiable Sensitive Information. Further, this matter arises from Plaintiff's ***intentional*** use and access of a ***public facing website***, as available to him as it was to any other internet user.

Fatal to the Complaint and to the specific claims for relief they allege, Plaintiff does not allege: (1) any concrete actual injury suffered as a result of the MultiCare's alleged use of the Pixels; (2) what specific Sensitive Information was allegedly transferred, and how it was connected to Plaintiff individually; (3) that it was *in fact* actually transferred; and (4) that it was being shared in some harmful way to the public at large. Rather than pleading actual facts, the Complaint is replete with conclusory allegations about Facebook and Google advertisements—speculating they had something to do with Plaintiff's browsing history on MultiCare's public



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

facing website, despite not alleging any related facts specific to actual interactions with that website.

Notably, this case contains almost identical allegations and causes of action to Lawsuits that this Court has very recently dismissed and finding plaintiffs had failed to state valid claims. *See Neinaber, et al v. Overlake Hospital Med. Ctr.*, No. C23-1159TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024) (dismissing pixel website claims against Washington healthcare provider finding Plaintiffs had not plead sufficient and necessary elements of various common law and statutory causes of action—highlighting the lack of sufficient damages pled and the voluntary nature of Plaintiff's conduct as barring Plaintiff's claims); *Beagle v. Amazon, Inc.*, 2024 WL 4028290 (W.D. Wash. September 4, 2024) (dismissing Washington Consumer Protection claim and invasion of privacy claim arising out of website pixel use). Indeed, the Western District of Washington has joined the ranks of the federal courts across the country that have routinely dismissed similar cases, and this Court should continue its history of dismissing these unsubstantiated pixel lawsuits by doing so in this case. *See e.g.*, *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018), aff'g *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954-55 (N.D. Cal. 2017) ("Information available on publicly accessible websites stands in stark contrast to the personally identifiable patient records and medical histories protected by these statutes—information that unequivocally provides a window into an individual's personal medical history."); *see also Kurowski v. Rush Sys. for Health*, No. 22 C 5380, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023). ("The type of metadata that Kurowski alleges was transmitted via third-party source code does not in the least bit fit into [the PHI] category."); *Cousin v. Sharp Healthcare*, No. 22-cv-2040-MMA (DDL), 2023 WL 4484441, at *3 (S.D. Cal. July 12, 2023) ("[T]his type of data collection is not considered "Protected Health Information" because nothing about [the] information relates specifically to Plaintiffs' health and the information is general health information that is accessible to the public at large."). Indeed, Plaintiff here has



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

neither Article III standing to bring his claims, nor has he sufficiently alleged any actionable claim under Washington law.

## BACKGROUND[1]

### A. Plaintiff's Characterization of His Use of MultiCare's Website

Plaintiff admits that he voluntarily visited MultiCare's public facing website that provides free information about MultiCare's facilities and services, as alleged throughout Plaintiff's Complaint.[2] Generally, Plaintiff alleges that he voluntarily interacted with MultiCare's website "to search for a doctor, learn more about their conditions and treatments, access medical records and test results and manage appointments." ECF No. 1, ¶ 5. Specifically, however, Plaintiff alleges only that he is a MultiCare patient who received limited treatment for an infection and for shoulder surgery, that he has paid medical bills via the website, and that he exchanged messages on the MultiCare web platform "about receiving prescription refills for various medications." *Id.* ¶¶ 323-24. The Plaintiff *does not allege with any particularity* how his website usage was connected to this specific shoulder injury, infection treatment, or prescriptions. *See e.g., id.* ¶ 323. While the Complaint alleges that Plaintiff received targeted ads pertaining to his shoulder that he claims is somehow related to his interactions with MultiCare's website, he does not specify the what, when or how of specific Sensitive Information entered into the MultiCare website could lead to these advertisements. Instead, he alleges only generally and speculatively that Google and/or Meta could "reasonably *infer* . . . that a specific patient was being treated for a specific type of medical condition . . ." based upon the allegedly disclosed information. *Id.* ¶ 20. Similarly, while Plaintiff devotes significant discussion in the Complaint to allegations related to "searches," there are no allegations of any

[1] Multicare does not admit the allegations in the Complaint, but instead summarizes them solely for purposes of illustrating why those allegations do not support a viable claim.

[2] Plaintiff attempts to create the illusion that MultiCare somehow failed to maintain the confidentiality of doctor-patient information in this Complaint, however, *none* of Plaintiff's allegations actually involve Sensitive Information shared while seeking medical treatment.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

searches done by Plaintiff into MultiCare's public-facing website, much less the when, how, and what was searched for. *See e.g., id.* ¶¶ 12, 15, 99, 136, 159, 172-93, 308, 371. Plaintiffs inadequate and, at best, purely speculative allegations regarding *actual website interaction* are insufficient to establish the causes of action pled in the Complaint.

## ARGUMENT

### I. PLAINTIFF CANNOT ALLEGE THE INJURY-IN-FACT NECESSARY TO ESTABLISH STANDING

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). A motion to dismiss for lack of subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a "facial attack") or present affidavits or other evidence that contest the truth of the allegations in the pleadings (a "factual attack"). *Sullivan v. Ferguson*, 636 F. Supp. 3d 1276, 1283 (W.D. Wash. 2022) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)). Here, Defendant raises a facial attack.

To have standing a plaintiff must show: (1) an injury in fact; (2) traceable to the defendant; and (3) redressable by judicial relief. *Lujan*, 504 U.S. at 560. Plaintiff needs "standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). In a putative class action, each named plaintiff must demonstrate that "they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). Further, an adequate injury in fact is "concrete, particularized, and actual or imminent." *Transunion*, 141 S.Ct. at 2203; *Doe v. Microsoft Corporation*, No. 23-cv-0718, 2023 WL 8780879 at *3 (W.D. Wash Dec. 19, 2023). It must be "real," rather than "abstract." *Id*. (*quoting Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Indeed, concreteness is essential: "[n]o concrete harm, no standing." *TransUnion*, 141 S. Ct. at 2200. When that concreteness exists it, "ensure[s] that the



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

alleged injury is not too speculative." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). An injury is imminent only where the threat of future harm is "certainly impending;" and the mere possibility of a future injury is not sufficient to confer standing. *Id*.

Here, the Plaintiff has not identified any concrete, particularized harm sufficient to confer standing. *See e.g. In re BPS Direct, LLC*, 2023 WL 8458245, at *13 (E.D. Pa. Dec. 5, 2023)(finding that Plaintiff in a pixel case, "who did not disclose highly sensitive information such as medical diagnosis information or financial data from banks or credit cards cannot establish concrete harm" and did not have standing); *see also Roper v. Rise Interactive Media & Analytics*, LLC, 2023 WL 7410641, at *4 (N.D. Ill. Nov. 9, 2023)(only finding standing where Plaintiff identified with particularity sensitive information allegedly stolen in the course of a data breach); *Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023), *reh'g denied*, No. 22-1892, 2023 WL 6144390 (7th Cir. 2023)(finding no standing where Plaintiff inflicted "harm on themselves based on their fears of hypothetical future harm that is not certainly impending" and reiterating that, "worry and anxiety are not the kind of concrete injury essential to standing").

Plaintiff's conclusory allegations of "injury" in the form of speculative "monetary damages" (which are never quantified), the loss of privacy, and "emotional distress" are insufficient to constitute the injury-in-fact necessary to establish standing. Nothing about "targeted ads" constitutes an actual injury-in-fact; and even if it was, Plaintiff's failure to specifically allege exactly what information was entered into the MultiCare online platform, or when it occurred, make it impossible to establish any ads that did exist were "traceable" to his interactions with MultiCare's website. Accordingly, as Plaintiff's Complaint is nothing more than vague allegations regarding non-concrete "damages" allegedly resulting from non-specific limited interactions with MultiCare's website, Plaintiff has no standing and his Complaint should be dismissed with prejudice.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## II. PLAINTIFF'S COMPLAINT DOES NOT SUFFICIENTLY ESTABLISH ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652-53 (9th Cir. 2019). Applying the foregoing standards, Plaintiff has failed to state a claim.

### A. This Court Should Adopt the Rationale of *Nienaber* and Dismiss Plaintiff's Claims

The instant matter is almost identical in facts and causes of action to *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024), which this Court dismissed in May 2024. Accordingly, this Court should adopt the rationale from *Nienaber* in dismissing this action.

Factually, like the Plaintiff here, the Plaintiff in *Nienaber* "allege[d] that she used [d]efendant's [w]ebsite [and patient portal] 'numerous times' since 2019 to "request and schedule appointments, communicate with healthcare professionals, complete medical forms, and request and review healthcare and billing records." *Nienaber*, 2024 WL 2133709, at *1. In her Complaint, the plaintiff claimed Defendant Overlake Hospital installed the Meta Pixel, Google Tag Manager and other tracking tools on its website, which in turn, resulted in an "unauthorized transmission and disclosure of [the plaintiff's] information." *Id.* As a result, the



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

plaintiff alleged various conclusory and speculative harms including, *inter alia*, the loss of value of her personal data and heightened risks of identity theft and fraud. *Id.* at 8-9, 13-14.

Further, the plaintiff in the *Nienaber* action alleged a number of the same causes of action as Plaintiff Small does here including negligence, invasion of privacy, breach of implied contract, unjust enrichment, violations of the Electronic Communications Privacy Act ("ECPA"), and violations of the Washington Consumer Protection Act ("WCPA"). As detailed further herein, this Court dismissed *all* the foregoing claims. Specifically, this Court held that the plaintiff's failure to plead specific damages, including economic damages, was fatal to her claims. *Id.* at 8-9, 13-14, 17. Additionally, the Court held that the plaintiff's invasion of privacy, ECPA, and WCPA claims all failed because Overlake never, in sum, intercepted or intervened Nienaber's "solitude" to capture her personal data, but that Nienaber's claims arose from her own voluntary interactions with Overlake's public facing website. *Id.* at 10, 15.

Notably, this Court adopted its holdings in *Nienaber* just last month in *Beagle v. Amazon*, 2024 WL 4028290, at *4-5. In that case, this Court again dismissed claims arising out of pixel usage on a public website, specifically dismissing the plaintiff's invasion of privacy and WCPA claims, citing *Nienaber* as the basis for its decision, and reasoning that plaintiff's voluntary interactions with the defendant's website and speculative damages were not enough to state a cognizable claim. *Id.*

As detailed herein, the similarities between *Nienaber* and this action are indisputable. Plaintiff in the instant matter does not allege economic or actual harms, but merely possible and intangible harms such as "(i) invasion of privacy; (ii) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the disclosure of his Private Information; (iii) loss of benefit of the bargain; (iv) diminution of value of the Private Information; (v) statutory damages and (vi) the continued and ongoing risk to his Private Information." ECF No. 1, ¶ 334. Further, Plaintiff here admits that he voluntarily used Plaintiff's website "to make



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

appointments with medical specialists, exchange messages with his providers, fill out questionnaires requested by his providers, request referrals for specific health issues, refill prescriptions, update medication information, and check medical test results…. [and to] pay his medical bills" *Id.*, ¶¶ 322, 324. As this Court held that similar claims based on almost identical facts and resulting conclusory non-tangible harms failed to state claims upon which relief can be granted in both *Nienaber* and *Beagle,* it should rule similarly here. As such, MultiCare respectfully requests this Court adopt the rationale of those decisions in dismissing Plaintiff's claims in their entirety.

**B. Plaintiff Cannot State an ECPA Claim Because the Complaint Does Not Establish the Existence of Sensitive Information Transferred or Intercepted (Count I)**

A claim under the ECPA (18 U.S.C. § 2510, *et seq*.) "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (*quoting In re Google Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 135 (3d Cir. 2015) (internal quotation marks omitted).

Here, Plaintiff cannot establish that any communication has been unlawfully "intercepted" by MultiCare. The ECPA is a one-party consent statute. 18 U.S.C. § 2511(2)(d) (The ECPA does not make it unlawful for someone to "intercept ... electronic communication where such person is a party to the communication."); *see also In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275 (3d Cir. 2016) (discussing "one-party consent language in the Wiretap Act"). Stated differently, a party to a communication cannot unlawfully "intercept" a communication directed to it and cannot be held liable for "eavesdropping" upon itself. 18 U.S.C. § 2511(2)(d); *In re Nickelodeon*, 827 F.3d at 275 (dismissing ECPA claim because defendant "was either a party to all communications with the Plaintiff's computers or was



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

permitted to communicate with the Plaintiff's computers by Viacom, who was itself a party to all such communications."); *see also In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 142–143 (3rd Cir. 2015) (dismissing ECPA claim because tracking cookies placed by advertising providers made the advertiser the intended recipient of the electronic transmission); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d at 713 (dismissing ECPA claim on same grounds); *Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931, 936 (N.D. Ill. 2023) (same). As discussed above, the Western District of Washington has recently dismissed ECPA claims in analogous pixel cases—joining other courts around the country to have arrived at the same conclusion.

In the seminal case the *Nienaber* court relied upon in dismissing the ECPA claim, the *Kurowski* case, the Northern District of Illinois held that users of a health care provider's websites failed to state a claim under the ECPA because the health care provider was the intended recipient of the communication and, therefore, could not have intercepted the communication allegedly occurring on the health care provider website. *Id.* at 938 ("The Court concludes that Rush [the healthcare provider]—and not Facebook, Google, or Bidtellect—was the intended recipient of the allegedly intercepted communications here. Rush is therefore a party to those communications and cannot be liable under the Wiretap Act for its alleged interception of them, if such an interception even occurred."); *see also Allen*, 2023 WL 5486240 at *4 (same ruling). As was the case in *Nienaber*, the statutory exception where a "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State" does not apply to the instant action. *See*, *Nienaber*, 2024 WL 2133709, at *15 (holding the criminal or tortious conduct exception does not apply because "Plaintiff fails to plead a tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission"); *see also* 18 U.S.C. § 2511(2)(d).



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Here, MultiCare did not intercept Plaintiff's information; much less transmit Plaintiff's Sensitive Information to commit a crime or tortious act. Plaintiff's claims are centered on his voluntary browsing activities and interactions with MultiCare's website. Plaintiff does not plead tortious or criminal use, but merely that the data was used to target ads to himself. *See e.g. In re Google Cookie Placement*, 806 F.3d at 145 ("As the plaintiffs plead no tortious or criminal *use* of the acquired internet histories, § 2511(d) is not inapplicable on the basis of the criminal-tortious purpose exception.") (emphasis in original). Accordingly, Plaintiff's ECPA claim should be dismissed with prejudice.

### C. Plaintiff's Various Breach of Contract and Related Claims Cannot Survive a Motion to Dismiss

#### 1. Plaintiff Has Not Stated a Claim for Breach of Express or Implied Contract (Counts II & IV)

Under Washington law, three essential elements exist to establish any claim for breach of express or implied contract: (1) the parties entered into an enforceable contract; (2) the Defendant breached the contract as claimed by the Plaintiffs; and (3) the Plaintiffs were damaged because of the Defendant's breach. *Nw. Indep. Forest Mfrs v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995). Plaintiff fails to sufficiently plead any of these three elements.

*First*, Plaintiff has not alleged the existence of a valid contract. Rather than identifying an actual valid express contract, instead Plaintiff pleads only in a conclusory fashion that himself and the other members of the putative class "entered into valid and enforceable express contracts or were third-party beneficiaries of valid and enforceable express contracts." ECF No. 1, ¶ 405. While Plaintiff contends that MultiCare's Privacy Notice is the express contract by which the parties were bound to "maintain the privacy" of Plaintiff's Sensitive Information; as a matter of law, MultiCare's Privacy Notice is *not* considered a bargained for contract, but a health care provider's compliance with HIPAA's federal mandates. *See, e.g., See Neinaber,* 2024 WL



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2133709, at *13; *In re Maple*, 434 B.R. 363, 371 (E.D. Va. 2010); *Brush v. Miami Beach Healthcare Grp. Ltd*., 238 F. Supp. 3d 1359, 1367–69 (S.D. Fla. 2017); *J.R. v. Walgreens Boots All., Inc*., No. 2:19-CV-00446-DCN, 2020 WL 3620025, at *14 (D.S.C. July 2, 2020).[3]

Further, pursuant to Washington law, there two classes of implied contracts: contracts implied in fact and contracts implied by law (quasi-contracts). *Chandler v. Wash. Toll Bridge Auth*., 17 Wash.2d 591, 600, 137 P.2d 97, 101 (1943). Relevant here, a contract implied in fact "is an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances which, according to common understanding, show a mutual intention on the part of the parties to contract with each other." *Id.* (*citing Johnson v. Nasi*, 309 P.2d 380, 383 (1957)). "[A] trial court may 'deduce mutual assent from the circumstances, whereby the court infers a contract based on a course of dealings between the parties or a common understanding within a particular commercial setting.'" *Nienaber*, 2024 WL 2133709, at *11 (quoting *Hoglund v. Meeks*, 139 Wash. App. 854, 870–71, 170 P.3d 37 (2007)). "Whether parties manifested mutual assent to form a contract is generally a factual question." *Id.* (quoting *Hoglund*, 139 Wash. App. at 871, 170 P.3d 37).

Here, as in *Nienaber*, Plaintiff fails to establish the existence of a contract implied in fact arising from a mutual agreement expressed not in words, but through actions. While Plaintiff alleges in a conclusory fashion that such a contract exists, he does not plead *any facts* necessary to support this element. He alleges no facts regarding the *conduct* of the parties that could demonstrate some mutual intent to agree upon express or implied terms. Contrary to Plaintiff's allegations that the MultiCare privacy policy created an implied contract, this very Court in *Neinaber* states, while such policies *may form* the *terms* of an implied contract, they do not

[3] Further, it is not possible for there to be a breach of an implied contract premised on an express contract, i.e., MultiCare's Privacy Policy. *See, e.g., In re VTech Data Breach Litigation*, No. 15 CV 10889, 2018 WL 1863953, at *3 (N.D. Ill. Apr. 18, 2018) ("As in physics, two solid bodies cannot occupy the same space at the same time, so in law and common sense, there cannot be an express and implied contract for the same thing, existing at the same time.") (citations omitted).



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

alone serve as an enforceable contract without a separate "meeting of the minds" between the parties. *See Neinaber*, 2024 WL 2133709, at *13 (*quoting Doe v. Regents*, 672 F.Supp.3d 813, 821 (N.D. Cal. May, 8, 2023). No such factual allegations of a separate meeting of the mind exists here. As the *Nienaber* court found, "[t]he services [giving rise to the contract] must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor and that the recipient expected, or should have expected, to pay for them." No. 2:23-CV-01159-TL, 2024 WL 2133709, at *11 (quoting *Johnson*, 309 P.2 at 380).

Here, Plaintiffs fail to plead how, why, or how much they paid for anything other than medical services. Such allegations are necessary to establish the consideration received by MultiCare or the mutual intent between Plaintiffs and MultiCare, both essential for the existence of an implied contract to be found. *Id.*; *see also Guy*, 2023 WL 4637318, at *5 (dismissing Plaintiffs' breach of implied contract claim in the data breach context based on insufficient allegations of mutual intent). The reality is there are no facts alleged in the Complaint to justify Plaintiffs' unsubstantiated claim that Plaintiffs paid for "data privacy" as a part of some express or implied contract between the parties.

*Second*, given that there was no valid contract, there can be no corresponding "breach." To satisfy the breach element of a contract cause of action, the plaintiff must be able to point to a specific contract or provision of a contract that has been breached. *Elliott Bay Seafoods v. Port of Seattle*, 124 Wash. App. 5, 12, 98 P.3d 491, 494 (2004). Plaintiff has plead no such allegations, other than his conclusory claim that a contract existed and that MultiCare breached the terms of its Privacy Notice, which as discussed, *supra*, is not legally cognizable. ECF No. 1, ¶¶ 405, 411.

*Finally*, notwithstanding the fact that Plaintiff has failed to establish a valid contract exists or breach thereof, Plaintiff cannot and does not establish cognizable damages as discussed in more detail in section II (A) above. Further, Courts throughout the Ninth Circuit have



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

dismissed similar causes of action in matters where alleged "damages" were based upon diminution in value of a plaintiff's personal data and where it is undisputed that a plaintiff did not pay defendant for its services. *See e.g., Doe v. Meta Platforms, Inc.*, No. C22-3580, 2023 WL 5837443, at *15 (N.D. Cal. Sept. 7, 2023)); *see also Saeedy v. Microsoft Corp.*, No. C23-1104, 2023 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023); *Nienaber*, 2024 WL 2133709, at *13.

Accordingly, these claims cannot survive beyond the pleading stage.

**2. Plaintiff Has Not Stated a Claim for Breach of the Implied Duty of Good Faith and Fair Dealing (Count III)**

As no contract, express or implied, exists between Plaintiff and MultiCare, as detailed above, there can be no violation of this covenant. Nevertheless, even if a contract had existed, Plaintiff's claims *still* are not sufficient to establish a breach of the covenant here because there are no allegations in the complaint such as to give rise to such a breach. *See Microsoft Corp. v. Motorola, Inc.*, 963 F. Supp. 2d 1176, 1184 (W.D. Wash. 2013) (embracing the Restatement of Torts in the context of the covenant of good faith and fair dealing). As discussed in the Restatement of Torts Section 205, such a claim exists only in situations like the following: (1) where a party evades the spirit of a bargain; (2) where a party willfully renders imperfect performance; (3) where a party interferes with or fails to cooperate in the other party's performance; (4) where a party abuses discretion granted under the contract; or (5) where a party performs the contract without diligence. None of these scenarios are implicated by Plaintiff's claims. Specifically, MultiCare could not have *interfered* with Plaintiff, as Plaintiff admits to voluntarily providing MultiCare with its Sensitive Information, and none of the allegations in the complaint indicate an abuse of discretion or discreet lack of diligence expressly provided for by the non-existent contract.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

As such, the Court must dismiss Plaintiff's claims for breach of the covenant of good faith and fair dealing.

### D. Plaintiff Has Not Stated a Cognizable Claim for Breach of Fiduciary Duty (Count VI)

MultiCare has not breached any fiduciary duty to Plaintiff, because no such duty exists in fact or law. To state a claim for breach of fiduciary duty, a plaintiff must show "(1) existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury." *Priv. Client Fiduciary Corp. v. Pham Singh Chopra*, No. 22-CV-00436-LK, 2023 WL 2372917, at *6 (W.D. Wash. Mar. 6, 2023) (internal quotations omitted). Pursuant to Washington law, a fiduciary duty is derived from special relationship "of trust and confidence." *Favors v. Matzke*, 53 Wn. App. 789, 796 (1989). Specifically, the special relationship exists where "one party is relying upon the superior specialized knowledge and experience of the other...where a seller has knowledge of a material fact not easily discoverable by the buyer... and where there exists a statutory duty to disclose...." *Id.* (internal citations omitted).

Here, Plaintiff alleges that the "patient-physician" relationship gave rise to a special relationship creating a fiduciary duty to maintain confidentiality and secure Plaintiff's Sensitive Information. ECF No. 1**,** ¶ 483. This theory is flawed for several reasons. *First,* there are no allegations in the Complaint of specific sensitive Protected Health Information provided in the course of the doctor/patient relationship at issue in this case. *Second*, it is illogical to argue that any duty of care, much less the high duty of care created by the fiduciary relationship, exists regarding information Plaintiff voluntarily input into MultiCare's public facing website, as accessible to Plaintiff as it is to any internet user in the world. *Third,* Plaintiff never alleges that MultiCare is the *custodian* of Plaintiff's data, but rather only that the information was transmitted to outside third parties in the course of Plaintiff's willful use of the website. Washington Courts have never found a special relationship between a patient and a healthcare



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

company in this context, and this court should not create the existence of such a relationship in this case.

**E. Plaintiff Cannot State a Claim for Unjust Enrichment (Count VII)**

To state a claim for unjust enrichment, Plaintiff must plead sufficient facts showing: (1) MultiCare received a benefit, (2) at Plaintiff's expense, and (3) the circumstances make it unjust for MultiCare to retain the benefit without payment. *See Young v. Young*, 164 Wash.2d 477, 191 P.3d 1258, 1262 (2008). The fact that a party profits at the expense of another is insufficient to trigger liability under unjust enrichment; rather, the enrichment must be unjust as between the two parties to a transaction. *Cox v. O'Brien*, 150 Wn. App. 24, 37 (2009).

The Washington District Court has dismissed unjust enrichment claims in similar contexts. In *In re MCG Health Data Sec. Issue Litig.*, this Court held that Plaintiffs' allegations lacking evidence of any specific benefit conferred on Defendant were insufficient to support a claim for unjust enrichment in the data breach context. No. 2:22-CV-849-RSM-DWC, 2023 WL 3057428, at *6. The court reasoned that Plaintiffs did not allege they entered into a transaction with the Defendant healthcare system or that they conferred a benefit to the Defendant. *See also M.L. v. Craigslist, Inc.*, 202 WL 6434845, *16 (W.D. Wash. April 17, 2020) (finding a claim for unjust enrichment failed as a matter of law where the plaintiff did not enter into a transaction and rejecting Plaintiffs' cause of action given the lack of any concrete benefit retained by the defendant that it would be unjust for the Defendant to retain.); *see also Nienaber*, No. 2:23-CV-01159-TL, 2024 WL 2133709, at *14 (finding no unjust enrichment claim as Plaintiff failed to adequately plead either a concrete detriment or that the circumstances made it unjust for the Defendant to retain any benefit conferred).

Here, Plaintiff's allegations are insufficient to establish a claim for unjust enrichment. Similar to the Plaintiffs in *MCG Health* and *Nienaber*, Plaintiffs do not allege facts showing they conferred a benefit to MultiCare or how it would be unjust for MultiCare to retain what



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

payments it did receive. Any expense incurred by Plaintiffs was payment for health care services, not data privacy. *See e.g., Irwin v. Jimmy John's Franchise, LLC*, 175 F. Sup. 3d 1064, 1072 (N.D. Ill. 2016) ("[The Plaintiff] paid for food products. She did not pay for a side order of data security and protection; it was merely incidental to her food purchase, as is the liability to sit at a table to eat her food, or to use Jimmy John's restroom."); *see also Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231, 1249 (D. Colo. 2018) ("Plaintiffs paid for burritos; Plaintiffs received burritos."); *Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 766 (C.D. Ill. 2020) ("Plaintiffs have not alleged that any specific portion of their payments went toward data protection; rather, they state that their payments were for food and gas").

Accordingly, the Court should dismiss Plaintiff's unjust enrichment claim.

**F. Plaintiff Fails to State a Claim for Negligence (Count V)**

Under Washington law, to state a claim for negligence, a plaintiff must establish duty, breach, injury and proximate causation. *Lowman v. Wilbur*, 178 Wn. 2d 165, 170 (Wash. 2013). While the Complaint states in conclusory allegations the elements of a negligence cause of action, it lacks factual allegations to support the elements. *See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* (emphasizing insufficiency of "naked assertions devoid of further factual enhancement") (internal quotations and alterations omitted). As set forth below, Plaintiff fails to establish duty, breach, and cognizable damages. As such, the Court should dismiss the negligence cause of action in its entirety.

**1. MultiCare Has No Duty to Safeguard Browsing Data under Washington Law, HIPAA or the FTCA**

*First*, there is no recognized duty under Washington law for safeguarding online browsing information and Plaintiff cannot imply one exists through simply using the phrase "special relationship" without any facts to support such allegations. ECF No. 1, ¶ 468. This generic allegation, unsupported by facts, could be applied so broadly as to be illogical, and is



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

insufficient to establish a duty. As discussed in section II (D) above, there can be no duty to protect non-sensitive generic information that Plaintiffs voluntary entered in Defendant's public-facing website. Indeed, several Washington courts have dismissed negligence causes of action in the data class action context based on just such generic pleadings. *See Buckley v. Santander Consumer USA, Inc.*, No. C17-5813 BHS, 2018 WL 1532671, at *5-6 (W.D. Wash. Mar. 29, 2018) (dismissing negligence claim based on a theory of failure to maintain adequate data security because "Washington courts have not recognized a 'special relationship' between consumers and data custodians"); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F.Supp.3d 1140, 1157-58 (dismissing negligence claim based on data breach because of allegations insufficient to establish a special relationship).

*Second*, Plaintiff cannot invoke a statutory duty onto MultiCare pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Trade Commission Act ("FTCA"). ECF No. 1, ¶¶ 465-485. It is black letter law that both HIPAA's and the FTCA's statutory framework do not support a private cause of action, and as such, it is illogical to allege that these statutes create a duty onto Plaintiff. *See, e.g. Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2023 WL 4637318, at *4 (applying Washington law and dismissing negligence cause of action in data breach case and finding section 5 of the FTC Act does not create a duty); *Towles v. Dzurenda*, 735 Fed. Appx. 440, 440 (9th Cir. 2018) (finding the district court properly dismissed claim alleging HIPAA violations because "there is no private right of action under the statute."); *Garmon v. Cty. of L.A.*, 828 F.3d 837, 847 (9th Cir. 2016) (holding there is no private right of action pursuant to HIPAA); *In re MCG Health Data Sec. Issue Litig.*, No. 2:22-CV-849-RSM-DWC, 2023 WL 3057428, at *3 (W.D. Wash. Mar. 27, 2023), *report and recommendation adopted*, No. 2:22-CV-849-RSM-DWC, 2023 WL 4131746 (W.D. Wash. June 22, 2023) ("To the extent that HIPAA universally has been held not to authorize a private right of action, to permit HIPAA regulations to define per se the duty and liability for breach is



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

no less than a private action to enforce HIPAA, which is precluded.”). Therefore, MultiCare has no statutory duty to “reasonably protect” Plaintiff’s Sensitive information pursuant to statute or otherwise. [4]

**2. As MultiCare Had No Duty, MultiCare Did Not Breach a Duty**

Assuming, *arguendo*, the Court found a duty here, Plaintiff fails to plead facts sufficient to establish a breach. Plaintiff merely pleads baseless and conclusory allegations about “unauthorized disclosure of Plaintiff’s and Class members’ Private Information,” implying, without support, MultiCare shared patients’ Sensitive Information with a third party. In *Nienaber*, the Court granted Plaintiff’s motion to dismiss the negligence claim, holding “Plaintiff has made hypothetical allegations of information-sharing, Plaintiff must plead facts showing (or supporting the inference) that *her* PHI was shared with Defendant and by Defendant to third parties.” *Nienaber*, No. 2:23-CV-01159-TL, 2024 WL 2133709, at *8 (W.D. Wash. May 13, 2024).

Here too, Plaintiff has not sufficient alleged what exact PHI was shared with Defendant, and then allegedly disclosed to some outside third party. Indeed, Plaintiff’s allegations that he once had a shoulder surgery at a MultiCare hospital and “exchanged messages… about prescription refills” does not sufficiently establish the alleged inappropriate sharing of specific PHI. ECF No. 1, ¶ 323. Simply stating he received an advertisement for medications and shoulder treatment after vaguely interacting with MultiCare’s website does not sufficiently establish the existence of any breach.

**3. Plaintiff Has Failed to Allege Damages**

As detailed throughout the instant motion and discussed in more depth in section II (A)

---

[4] The Defendant recognizes that the *Nienaber* court recognized that such a duty existed in the Pixel use context. Unlike in *Nienaber*, however, Plaintiffs do not allege any violation of the Health Care Information Act in this case. Nonetheless, even if such a duty exists, the claim is still deficient for the additional reasons addressed herein and recognized by the *Nienaber* court in dismissing the negligence cause of action in that case.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

above, Plaintiff's Complaint is fatally deficient as it wholly fails to allege cognizable damages, which is required for his negligence claim to survive along with the rest of his causes of action. Even if Plaintiff had established any cognizable duty or breach, which he cannot, his lack of damages invalidates this claim. "The mere danger of future harm, unaccompanied by present damage, will not support a negligence action." *Lovell v. P.F. Chang's China Bistro, Inc.*, No. C14-1152RSL, 2015 WL 4940371, at *2 (W.D. Wash. Mar. 27, 2015) (internal quotations omitted); *see also Krottner v. Starbucks Corp.*, 406 App'x 129, 131 (9th Cir. 2010) ("Under Washington law, [a]ctual loss or damage is an essential element in the formulation" of a negligence claim (internal quotation omitted and alterations in original). Here, Plaintiff does not allege any cognizable tangible present damages he has suffered. Instead, he pleads only speculative potential risks of future harm, self-inflicted damages, or generic "inconveniences" instead of actual damages. As *Lovell* explains, "the fear that something might happen in the future is simply too speculative an injury to give rise to a present cause of action." *See* 2015 WL 4940371, at *2. ("[P]laintiff retains the opportunity to seek damages for future harm if and when it befalls him: the fear that something might happen in the future is simply too speculative an injury to give rise to a present cause of action."). Indeed, as the Court appreciated in *Nienaber*, the Plaintiffs in this case does not allege facts establishing any heightened risk of future identity theft, loss of privacy with regards to *highly sensitive information*, valid loss of time or risk of embarrassment. *Nienaber*, No. 2:23-CV-01159-TL, 2024 WL 2133709, at *8 (W.D. Wash. May 13, 2024). Given the additional lack of any economic damages pled—Plaintiff has not established any cognizable damages.

Accordingly, as Plaintiff wholly fails to establish any of the elements of negligence, this claim must be dismissed.

**G. Plaintiff's Invasion of Privacy Claim Must Be Dismissed (Count VIII)**

As confirmed by the Western District of Washington in *Nienaber* and *Beagle*, Plaintiff's



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

invasion of privacy cause of action cannot survive a motion to dismiss.

There can be no intrusion upon seclusion here because the alleged intrusion, if any, was carried out by third parties, Meta or Google, not by MultiCare. *Poore-Rando v. U.S.*, C16-5094 BHS, 2017 WL 5756871, at *2 (W.D. Wash. Nov. 28, 2017) ("[A]n actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act.") (citations and quotations omitted). To prevail on an intrusion on seclusion claim, a plaintiff must prove that the defendant (1) deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner that would be highly offensive to a reasonable person. *Youker v. Douglas Cty.*, 178 Wn. App. 793, 797 (2014). The defendant's intrusion must substantially interfere with plaintiff's seclusion in a highly offensive or objectionable to a reasonable person. *Id.* "Invasion of privacy by intrusion consists of a deliberate intrusion, physical or otherwise, into a person's solitude, seclusion, or private affairs." *Fisher*, 106 P.3d at 840; *see also Poore-Rando v. United States*, No. C16-5094, 2017 WL 5756871, at *2 (W.D. Wash. Nov. 28, 2017) ("[A]n actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act.") (*quoting O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989) (alteration in original)).

In dismissing the plaintiff's virtually identical intrusion upon seclusion claims, the Western District in *Nienaber* adopted the Northern District of Illinois rationale in the *Kurowski v. Rush Sys. for Health* case. The *Kurowski* Court dismissed Plaintiff's intrusion of seclusion claim, holding that the Defendant healthcare center did not intrude into its patient's solitude or seclusion, finding that the patients *willfully* provided the Defendant with Sensitive Information. *Id*. at 9; *see also Nienaber*, 2024 WL 2133709, at *23 ("Because Plaintiff voluntarily shared her information with Defendant, there was no *intrusion* upon Plaintiff's solitude, seclusion, or private affairs by Defendant). Similarly here, Plaintiff admits to voluntarily providing MultiCare with



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

his Sensitive Information in the very first paragraphs of the Complaint. ECF No. 1, ¶¶ 5-6. Accordingly, Plaintiff's invasion of privacy claim premised on an intrusion upon seclusion theory is flawed.

Also flawed is Plaintiff's invasion of privacy claim premised on a public disclosure of private information. "To prevail on a public disclosure of private facts claim, a plaintiff must prove that the defendant (1) intentionally disclosed private facts; (2) that were not of legitimate concern to the public; (3) which disclosure would be highly offensive to a reasonable person." *Armijo v. Yakima*, No. Cll-3114, 2012 WL 2576624, *2 (E.D. Wash. July 3, 2012). "[P]ublicity for the purposes of [a public disclosure of private facts claim] means communication to the public at large so that the matter is substantially certain to become public knowledge." *Fisher*, 106 P.2d at 840–41. In the Pixel context, in September of this year, the Western District expressly rejected the exact public disclosure invasion of privacy theory put forth by plaintiffs in this case. *See Beagle v. Amazon.com, Inc.*, No. C24-0316JLR, 2024 WL 4028290, at *5 (W.D. Wash. Sept. 3, 2024) ("This is not a case about Amazon's disclosure of Plaintiffs' PII to the public at large. To the contrary . . . it is a case about Amazon's alleged disclosures of PII within the Amazon ecosystem and to certain third parties to communicate with Amazon users about promotional offers and target them with ads.") *citing Nienaber v. Overlake Hosp. Med. Ctr.*, No. C23-1159TL, 2024 WL 2133709, at *10 ("Plaintiff does not allege that the information shared by Defendant will become available to the public at large; to the contrary, Plaintiff alleges that the information is shared with Facebook and, in turn, is being used by Facebook to target Plaintiff herself.").

Based on the foregoing, this Court should dismiss Plaintiff's invasion of privacy claims here.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

### H. Plaintiff has Not Stated a Claim Pursuant to the Washington Consumer Protection Act (Count IX)

As set forth below, in addition to a failure to establish the elements of his claim, Plaintiff's failure to allege any cognizable damages also proves fatal to the Washington Consumer Protection Act ("CPA") claim. ECF No. 1, ¶¶ 517-527. "To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37, 204 P.3d 885 (2009) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784, 719 P.2d 531 (1986)). Either an unfair or a deceptive act can be the basis for a CPA claim. *Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 787, 295 P.3d 1179 (2013); *Nienaber* 2024 WL 2133709, at *17. Plaintiff must, however, allege a sufficient injury. *Guy v. Convergent Outsourcing, Inc.*, No. C22-1558, 2023 WL 4637318, at *8 (W.D. Wash. Jul. 20, 2023). Further, failure to satisfy even one element is fatal to a CPA claim. *Id.* at 539–40.

*First*, as this Court held in *Beagle*, Plaintiff's allegations that MultiCare provided its Sensitive Information to non-parties Meta and Google does not constitute "an unfair or deceptive act or practice" under RCW 19.86.020. An act or practice "is unfair [if it] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits." *Domain Name Comm'n Ltd. v. DomainTools, LLC*, 449 F. Supp. 3d 1024, 1031 (W.D. Wash. 2020). An unfair practice offends public policy or is "unethical, oppressive, or unscrupulous." *Mellon v. Reg'l Tr. Servs. Corp.*, 334 P.3d 1120, 1126 (Wash. Ct. App. 2014).

In *Beagle*, the Court held that Plaintiff's failure to allege that Amazon disclosed its personal information precluded its ability to plead an unfair business practice. *Beagle*, 2024 WL 4028290 at *4. Importantly, the *Beagle* court recognized that even if Amazon's actions were



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

considered "unfair" pursuant to the statute, Plaintiff's allegations he read privacy policy and still *voluntarily* interacted with the website provided that the injury was avoidable. *Id.* Similarly here, as detailed in Section II(B), Plaintiffs fail to allege that MultiCare transmitted their Sensitive Information to Meta or Google. Further, even if Plaintiff had sufficiently alleged transmittal, which it does not, it is not disputed that Plaintiff voluntarily interacted with and provided his information to MultiCare, and as such, any injury was avoidable.

*Second*, Plaintiffs' CPA claim fails because Plaintiffs do not plausibly allege any impact on the public interest. *See Umouyo v. Bank of Am., N.A.*, 2023 U.S. Dist. LEXIS 17291, at *16 (W.D. Wash. Feb. 1, 2023) ("A CPA claim must have a public interest impact."). "The Legislature intended that even a private plaintiff should be required to show that the acts complained of affect the public interest." *Hangman Ridge Training Stables, Inc.*, 719 P.2d at 537. The Washington Supreme Court identifies these factors as relevant to this inquiry:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Id.* at 538. Plaintiff's Complaint includes no factual allegations relevant to these considerations, but instead generically alleges that MultiCare's "conduct is injurious to the public interest because it violates RCW 19.86.020… injured Plaintiff and the Washington Subclass members and had the capacity to injure persons." ECF No. 1, ¶ 524. These circular and conclusory allegations "are insufficient as they fail to plead facts demonstrating any reasonable impact to members of the public." *Umouyo*, 2023 U.S. Dist. LEXIS 17291, at *17.

*Third*, the Washington CPA requires "but for" causation, which Plaintiff does not satisfy. The CPA requires "[a] causal link . . . between the unfair or deceptive acts and the injury suffered



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

by plaintiff." *Hangman Ridge*, 719 P.2d at 539. "That link must establish that the alleged injury would not have occurred 'but for' the defendant's unlawful acts." *Patrick v. Wells Fargo Bank, N.A.*, 385 P.3d 165, 171 (Wash. Ct. App. 2016) (internal quotations omitted). As explained above, Plaintiffs here fail to allege any unfair or deceptive act by MultiCare which was the proximate cause of any injury suffered by Plaintiff.

*Lastly*, Plaintiff does not sufficiently allege injury to business or property under the CPA. The CPA requires each Plaintiff to plead and prove "injury to plaintiff in his or her business or property." RCW 19.86.090; *Hangman Ridge*, 719 P.2d at 533-35. "Personal injuries, as opposed to injuries to 'business or property,' are not compensable and do not satisfy the injury requirement." *Panag v. Farmers Ins. Co. of Wash*., 204 P.3d 885, 899 (Wash. 2009). "Thus, "damages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA." *Id*. Further, "an invasion of privacy is a 'personal' injury, rather than a 'business or property' injury[.]" *Gragg v. Orange Cab Co*., 942 F. Supp. 2d 1111, 1119 (W.D. Wash. 2013).

Plaintiffs do not plead "injury to business or property" under any theory. They broadly allege only "personal" injuries, which are categorically excluded from what is recoverable under the CPA. ECF No. 1**,** ¶ 334. *See Ambach v. French*, 216 P.3d 405, 408 (Wash. 2009); *see also Panag*, 204 P.3d at 900; *Babrauskas v. Paramount Equity Mortg*., 2013 WL 5743903, at *4 (W.D. Wash. Oct. 23, 2013) ("distress or concern caused by the possibility of foreclosure" not recoverable under CPA); *McCrorey v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 681208, at *4 (W.D. Wash. Feb. 25, 2013) ("[t]hreats of eviction" insufficient under CPA); *Gragg*, 942 F. Supp. 2d at 1119 (invasion of privacy, aggravation, and annoyance not cognizable).

Based on the foregoing, Plaintiff fails to meet several of the required elements of the CPA in his pleadings, and as such, Plaintiff's CPA claim cannot survive.

## CONCLUSION

WHEREFORE, Defendant MultiCare respectfully requests that this Court enter an Order



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

dismissing Plaintiff's Complaint with prejudice and without leave to amend, and for all other relief deemed necessary and appropriate.

**CERTIFICATION OF WORD COUNT**

I certify that this memorandum contains 8,181 words, in compliance with the Local Civil Rules.

**CERTIFICATION OF CONFERRAL**

Pursuant to the Court's Standing Order for All Civil Cases, attorney for MultiCare conferred with Plaintiff's counsel on, Wednesday October 2, 2024 regarding this Motion. The parties were unable to narrow the claims to be decided by the Court.

Respectfully submitted this 7th day of October, 2024.

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/Shannon L. Wodnik*
Shannon L. Wodnik, WSBA #44998
Brian Middlebrook (*pro hac forthcoming*)
Justin Holmes (*pro hac forthcoming*)
Alexandra Mormile (*pro hac forthcoming*)
*Attorneys for Defendant MultiCare Health System*
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Email: swodnik@grsm.com
bmiddlebrook@grsm.com
jholmes@grsm.com
amormile@grsm.com