HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DARRYL SMALL and RAYMOND PATEE, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

MULTICARE HEALTH SYSTEM D/B/A MULTICARE,

Defendant.

NO. 3:24-cv-05552-LK

**DEFENDANT MULTICARE HEALTH SYSTEM'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) & 12(b)(6)**

**NOTE ON MOTION CALENDAR: JANUARY 21, 2025**

**ORAL ARGUMENT REQUESTED**

DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' AMENDED
COMPLAINT PURSUANT TO FRCP
12(b)(1) and 12(b)(6)
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

      A.    Plaintiffs' Characterizations of their Use of MultiCare's Website.. **Error! Bookmark not defined.**

ARGUMENT ........................................................................................................4

I.    PLAINTIFFS CANNOT ALLEGE THE INJURY-IN-FACT NECESSARY TO ESTABLISH STANDING ...............................................................4

II.    PLAINTIFFS' COMPLAINT DOES NOT SUFFICIENTLY ESTABLISH ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED...................................6

      A.    This Court Should Adopt the Rationale of *Nienaber* and Dismiss Plaintiffs' Claims .............................................................................6

      B.    Plaintiffs Cannot State an ECPA Claim Because the Complaint Does Not Establish the Existence of Sensitive Information Transferred or Intercepted (Count I) ........................................................................8

      C.    Plaintiffs' Various Breach of Contract and Related Claims Cannot Survive a Motion to Dismiss.............................................................10

            1.    Plaintiffs Have Not Stated a Claim for Breach of Express or Implied Contract (Counts II & IV) .........................................10

            2.    Plaintiffs Have Not Stated a Claim for Breach of the Implied Duty of Good Faith and Fair Dealing (Count III).......................12

      D.    Plaintiffs Have Not Stated a Cognizable Claim for Breach of Fiduciary Duty (Count VI)........................................................................13

      E.    Plaintiffs Cannot State a Claim for Unjust Enrichment (Count VII).......14

      F.    Plaintiffs Fail to State a Claim for Negligence (Count V)......................15

            1.    MultiCare Has No Duty to Safeguard Browsing Data under Washington Law, HIPAA or the FTCA .....................................15

            2.    As MultiCare Had No Duty, MultiCare Did Not Breach a Duty.17

            3.    Plaintiffs Have Failed to Allege Damages...................................17

DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(1) and 12(b)(6)
TABLE OF CONTENTS AND
AUTHORITIES - i
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

G.     Plaintiffs' Invasion of Privacy Claim Must Be Dismissed (Count VIII).18

H.     Plaintiffs have Not Stated a Claim Pursuant to the Washington Consumer Protection Act (Count IX)..................................................................20

I.     Plaintiffs Have Not Stated a Claim Pursuant to the Washington Revised Code § 7.70 and Counts I-IX are Preempted by this Claim (Count X) ...23

CONCLUSION ...........................................................................................................24

CERTIFICATION OF WORD COUNT ....................................................................24

CERTIFICATION OF CONFERRAL..........................................................................24

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## **INTRODUCTION**

Defendant Multicare Health ("Multicare") respectfully moves this Court for an order dismissing Plaintiff Darryl Small ("Small") and Plaintiff Raymond Patee's ("Patee") Amended Complaint (collectively "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As with Small's original Complaint, Plaintiffs continue to seek recovery from MultiCare on the flawed theory MultiCare improperly disclosed its patient's personal health information ("PHI") and personally identifiable information ("PII") (collectively, "Sensitive Information") to Meta Platforms, Inc. d/b/a Meta ("Facebook") and/or Google LLC d/b/a Google ("Google") through pixels (the "Tracking Pixel" or "Pixel(s)") overtly disclosed and at use on MultiCare's Online Platforms. Plaintiffs attempt to ride on the coat tails of the explosion of national pixel usage class action lawsuits by alleging nothing more than hypothetical acts and theoretical, rather than concrete, harms Plaintiffs allege resulted from their *completely voluntarily* access and use of MultiCare's *public facing* website—as available to them as it was to any other internet user. Fundamentally fatal to Plaintiffs' Complaint, a close examination of *facts*, rather than the *conclusions*, alleged in that Complaint makes clear Plaintiffs' "case" is not about Sensitive Information at all, much less about personally identifiable Sensitive Information.

Plaintiffs' Amended Complaint fails because Plaintiffs do not sufficiently allege: (1) any actual injury suffered as a result of the MultiCare's alleged use of the Pixels; (2) what specific Sensitive Information was allegedly transferred, and how it was connected to Plaintiffs individually; (3) it was *in fact* actually transferred; and (4) it was being shared in some harmful way to the public at large. Rather than pleading actual facts, the Amended Complaint is replete with conclusory allegations about Facebook and Google advertisements—speculating they had something to do with Plaintiffs' browsing history on MultiCare's public facing website, despite not alleging any related facts specific to actual interactions with that website.

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 1
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1      As asserted in Multicare's initial motion to dismiss (ECF No. 14), Plaintiffs' Amended

2   Complaint should be reviewed in light of this Court's holding in *Nienaber, et al v. Overlake*

3   *Hosp. Med. Ctr.*, in which this Court dismissed nearly identical allegations and causes of action

4   because plaintiffs had failed to state valid claims. *See Neinaber, et al v. Overlake Hospital Med.*

5   *Ctr.,* 2024 WL 2133709 (W.D. Wash. May 13, 2024) (dismissing pixel website claims against

6   Washington healthcare provider finding Plaintiff had not plead sufficient and necessary

7   elements of various common law and statutory causes of action—highlighting the lack of

8   sufficient damages pled and the voluntary nature of Plaintiff's conduct as barring Plaintiff's

9   claims); *Beagle v. Amazon, Inc.,* 2024 WL 4028290 (W.D. Wash. September 4, 2024)

10  (dismissing Washington Consumer Protection claim and invasion of privacy claim arising out

11  of website pixel use). Federal courts across the country have routinely dismissed similar cases,

12  and this Court should continue its history of dismissing these unsubstantiated pixel lawsuits by

13  doing so in this case. *See e.g., Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018).

14  ("Information available on publicly accessible websites stands in stark contrast to the personally

15  identifiable patient records and medical histories protected by these statutes— information that

16  unequivocally provides a window into an individual's personal medical history."); *Kurowski v.*

17  *Rush Sys. for Health*, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023); *Cousin v. Sharp*

18  *Healthcare*, 2023 WL 4484441, at *3 (S.D. Cal. July 12, 2023). Indeed, Plaintiffs here have

19  neither standing to bring their claims, nor have they sufficiently alleged any actionable claim.

20                              **BACKGROUND**

21      In their Amended Complaint, Plaintiffs admit they voluntarily visited MultiCare's public

22  facing website that provides free information about MultiCare's facilities and services, as

23  alleged throughout Plaintiffs' Complaint.[1]  Generally, Plaintiffs allege they voluntarily

24

25  _____

    [1] Plaintiffs' attempts to create the illusion MultiCare somehow failed to maintain the confidentiality of
26  doctor-patient information in this Complaint, however, *none* of Plaintiffs' allegations actually involve
    Sensitive Information shared while seeking medical treatment.

DEFENDANT'S MOTION TO                          **GORDON REES SCULLY**
DISMISS PURSUANT TO FRCP                       **MANSUKHANI, LLP**
12(b)(1) and 12(b)(6) - 2                       701 Fifth Avenue, Suite 2100
Case No. 3:24-cv-05552-LK                       Seattle, WA 98104
                                                Telephone: (206) 695-5100
                                                Facsimile: (206) 689-2822

interacted with MultiCare's website "to search for a doctor, learn more about their conditions and treatments, access medical records and test results, pay medical bills, and manage appointments." ECF No. 16, ¶ 6. New to the Amended Complaint, Plaintiff Small discusses specific conditions he suffers from, and general browsing activities on MultiCare's public website. Specifically, Plaintiff Small alleges he suffers from attention deficit/hyperactivity disorder ("ADHD") and gastroesophageal reflux disease ("GERD") and submitted messages to MultiCare regarding prescriptions for same. *Id.* ¶¶ 334-335. Small also alleges generally receiving g his limited treatment for an infection, shoulder surgery, and that he has paid medical bills via the website. *Id.* ¶¶ 331-376. Plaintiff Patee alleges vaguely that he "sought care" from MultiCare for bladder and prostate health. *Id.* ¶ 357. Plaintiff Patee's specific allegations regarding interactions with MultiCare's website are limited to messaging with MultiCare regarding prescriptions. *Id.* Importantly, Plaintiff Patee does not allege he has treated for these conditions at MultiCare, but merely that he interacted with the public facing website. Neither Plaintiffs specifically allege specific Sensitive Information, via URL or otherwise, actually collected or transmitted.

Despite Plaintiffs' attempts, Plaintiffs' Amended Complaint *does not allege with any particularity* how their voluntary website usage was connected to their specific conditions, treatment or prescriptions. *See e.g., id.* ¶¶ 347, 369. While the Amended Complaint alleges Plaintiffs received targeted ads pertaining to prescriptions and Plaintiff Small's shoulder which are somehow related to their interactions with MultiCare's website. Plaintiffs still do not specify the *what*, *when* or *how* of specific Sensitive Information entered into the MultiCare website could lead to these advertisements.  Instead, they allege only generally and speculatively Google and/or Meta could "reasonably *infer* . . . that a specific patient was being treated for a specific type of medical condition . . ." based upon the allegedly disclosed information.  *Id.* ¶ 20. Plaintiffs' inadequate and, at best, purely speculative allegations regarding *actual website*

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 3
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1    *interaction* are insufficient to establish the causes of action pled in the Amended Complaint.

2                                    **ARGUMENT**

3    **I.    PLAINTIFFS CANNOT ALLEGE THE INJURY-IN-FACT NECESSARY
4            TO ESTABLISH STANDING**

5        Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for Article III

6    standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). A motion to dismiss for lack of

7    subject matter jurisdiction can either attack the sufficiency of the pleadings on their face (a

8    "facial attack") or present affidavits or other evidence that contest the truth of the allegations in

9    the pleadings (a "factual attack"). *Sullivan v. Ferguson*, 636 F. Supp. 3d 1276, 1283 (W.D.

10   Wash. 2022) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

11       To have standing, plaintiffs must show: (1) an injury in fact; (2) traceable to the

12   defendant; and (3) redressable by judicial relief. *Lujan,* 504 U.S. at 560. Plaintiffs need "standing

13   for each claim that they press and for each form of relief that they seek." *TransUnion LLC v.

14   Ramirez*, 141 S. Ct. 2190, 2208 (2021). In putative class actions, each named plaintiff must

15   demonstrate "they personally have been injured, not that injury has been suffered by other,

16   unidentified members of the class." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). Further, adequate

17   injury in fact is "concrete, particularized, and actual or imminent." *Transunion*, 141 S.Ct. at

18   2203; *Doe v. Microsoft Corporation*, 2023 WL 8780879 at *3 (W.D. Wash Dec. 19, 2023). It

19   must be "real," rather than "abstract." *Id*. (*quoting Spokeo, Inc. v. Robins,* 578 U.S. 330, 340

20   (2016). Indeed, concreteness is essential: "[n]o concrete harm, no standing." *TransUnion*, 141

21   S. Ct. at 2200. When concreteness exists it, "ensure[s] that the alleged injury is not too

22   speculative." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). An injury is imminent

23   only where the threat of future harm is "certainly impending;" and the mere possibility of a

24   future injury is not sufficient to confer standing. *Id*.

25       Here, Plaintiffs have not identified any concrete, particularized harm sufficient to confer

26

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

standing. *See e.g. In re BPS Direct, LLC*, 2023 WL 8458245, at *13 (E.D. Pa. Dec. 5, 2023) (finding that Plaintiff in a pixel case did not have standing); *see also Roper v. Rise Interactive Media & Analytics, LLC*, 2023 WL 7410641, at *4 (N.D. Ill. Nov. 9, 2023) (only finding standing where Plaintiff identified with particularity sensitive information allegedly stolen in the course of a data breach); *Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 978 (7th Cir. 2023) (finding no standing where Plaintiff inflicted "harm on themselves based on their fears of hypothetical future harm that is not certainly impending" and reiterating that, "worry and anxiety are not the kind of concrete injury essential to standing").

Plaintiffs' conclusory "injury" allegations in the form of speculative "monetary damages" (which are never quantified) and loss of privacy are insufficient to constitute the injury-in-fact necessary to establish standing. Nothing about "targeted ads" constitutes an actual injury-in-fact; and even if it was, Plaintiffs' failure to specifically allege exactly what information was entered into MultiCare's online platform, or when it occurred, make it impossible to establish any ads that existed were "traceable" to their interactions with MultiCare's website.[2] Accordingly, as Plaintiffs' Amended Complaint is nothing more than vague allegations regarding non-concrete "damages" resulting from non-specific limited interactions with MultiCare's website, Plaintiffs lack standing and their Amended Complaint should be dismissed with prejudice.

---

[2] Even if this was enough to establish standing, it certainly is not sufficient to establish the "cognizable damages" element of Plaintiffs claims and meriting dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6). *See e.g. T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, at *3 (N.D. Ga. Aug. 28, 2024) (In analogous pixel tracking cases, "No facts are alleged that would explain how receiving targeted advertisements . . . would plausibly cause any of the Plaintiffs to suffer . . . damages. This is not a case where the Plaintiffs' personal information was stolen by criminal hackers with malicious intent. The Plaintiffs received targeted advertisements because they are Facebook users and have Facebook IDs. The Court finds the Plaintiffs' damages theories untenable.").

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1

2

### II.    PLAINTIFFS' COMPLAINT DOES NOT SUFFICIENTLY ESTABLISH ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint "must contain sufficient 'well-pleaded, nonconclusory factual allegation[s],' accepted as true, to state 'a plausible claim for relief.'" *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009)). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate when the complaint lacks a "cognizable legal theory" or sufficient factual allegations to "support a cognizable legal theory." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652-53 (9th Cir. 2019). Applying the foregoing standards, Plaintiffs have failed to state a claim.

#### A.    This Court Should Adopt the Rationale of *Nienaber* and Dismiss Plaintiffs' Claims

This matter is almost identical in facts and causes of action to *Nienaber*, 2024 WL 2133709, which this Court dismissed in May 2024. Accordingly, this Court should adopt the rationale from *Nienaber* in dismissing this action.

Factually, like Plaintiffs here, plaintiff in *Nienaber* "allege[d] that she used [d]efendant's [w]ebsite [and patient portal] 'numerous times' since 2019 to "request and schedule appointments, communicate with healthcare professionals, complete medical forms, and request and review healthcare and billing records." *Nienaber*, 2024 WL 2133709, at *1. In her Complaint, the plaintiff claimed Defendant Overlake Hospital installed the Meta Pixel, Google Tag Manager and other tracking tools on its website, which in turn, resulted in an "unauthorized transmission and disclosure of [the plaintiff's] information." *Id.* As a result, the plaintiff alleged various conclusory and speculative harms including, *inter alia*, the loss of value of her personal data and heightened risks of identity theft and fraud. *Id.* at 8-9, 13-14.

Further, the plaintiff in the *Nienaber* action alleged a number of the same causes of action

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 6
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

as Plaintiffs do here including negligence, invasion of privacy, breach of implied contract, unjust enrichment, violations of the Electronic Communications Privacy Act ("ECPA"), and violations of the Washington Consumer Protection Act ("WCPA"). As detailed further herein, this Court dismissed *all* the foregoing claims. Specifically, this Court held that the plaintiff's failure to plead specific damages, including economic damages, was fatal to her claims. *Id.* at 8-9, 13-14, 17. Additionally, the Court held that the plaintiff's invasion of privacy, ECPA, and WCPA claims all failed because Overlake never, in sum, intercepted or intervened Nienaber's "solitude" to capture her personal data, but that Nienaber's claims arose from her own voluntary interactions with Overlake's public facing website. *Id.* at 10, 15. Notably, this Court adopted its holdings in *Nienaber* in multiple instances this year. In *Beagle v. Amazon*, 2024 WL 4028290, at *4-5, this Court again dismissed claims arising out of pixel usage on a public website, specifically dismissing the plaintiff's invasion of privacy and WCPA claims, citing *Nienaber* as the basis for its decision, and reasoning plaintiff's voluntary interactions with defendant's website and speculative damages were not enough to state a cognizable claim. *Id.* In addition, in November this Court dismissed plaintiffs' common law causes of action in a pixel tracking class action. *Castillo v. Costco Wholesale Corp.*, 2024 WL 4785136 at *14-16 (W.D. Wash., Nov. 13, 2024) (dismissing breach of implied contract, conversion, and invasion of privacy causes of action)[3].

As detailed herein, the similarities between *Nienaber* and this action are indisputable. Plaintiffs in this matter do not allege economic or actual harms, but merely possible and intangible harms such as "(i) invasion of privacy; (ii) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the disclosure of his Private Information; (iii) loss of benefit of the bargain; (iv) diminution of value of the Private Information;

---

[3] While Multicare acknowledges the *Costco* court did allow some of the same claims Plaintiffs allege here to survive beyond the pleading stage – Multicare contends those claims are deficient in this case for the reasons laid out herein.

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 7
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

(v) statutory damages and (vi) the continued and ongoing risk to his Private Information." ECF No. 16, ¶¶ 351, 373. Further, Plaintiffs here admit they voluntarily used MultiCare's website "to make appointments with medical specialists, exchange messages with his providers, fill out questionnaires requested by his providers, request referrals for specific health issues, refill prescriptions, update medication information, and check medical test results." *Id.*, ¶¶ 333, 357. As this Court held similar claims based on almost identical facts and resulting conclusory non-tangible harms failed to state claims upon which relief can be granted in both *Nienaber* and *Beagle,* it should rule similarly here. As such, MultiCare respectfully requests this Court adopt those decisions' rationales in dismissing Plaintiffs' claims in their entirety.

### B.    Plaintiffs Cannot State an ECPA Claim Because the Complaint Does Not Establish the Existence of Sensitive Information Transferred or Intercepted (Count I)

A claim under the ECPA (18 U.S.C. § 2510, *et seq.*) "requires a showing that the defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *See In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (internal citations and quotation marks omitted).

Here, Plaintiffs cannot establish Multicare has unlawfully "intercepted" any communication. The ECPA is a one-party consent statute. 18 U.S.C. § 2511(2)(d) (The ECPA does not make it unlawful for someone to "intercept ... electronic communication where such person is a party to the communication."); *see also In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275 (3d Cir. 2016) (discussing "one-party consent language in the Wiretap Act"). Stated differently, a party to a communication cannot unlawfully "intercept" a communication directed to it and cannot be held liable for "eavesdropping" upon itself. 18 U.S.C. § 2511(2)(d); *In re Nickelodeon*, 827 F.3d at 275 (dismissing ECPA claim because defendant "was either a party to all communications with the plaintiff's computers or was permitted to communicate with the plaintiff's computers by Viacom, who was itself a party to all such communications.");

*see also In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 142–143 (3rd Cir. 2015) (dismissing ECPA claim because tracking cookies placed by advertising providers made the advertiser the intended recipient of the electronic transmission); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d at 713 (same); *Kurowski,* 659 F. Supp.3d at 936 (same). As discussed above, this Court has recently dismissed ECPA claims in analogous pixel cases—joining other courts around the country to have arrived at the same conclusion.

In the *Kurowski* case*,* which the *Neinaber* court relies, the Northern District of Illinois held users of a healthcare provider's websites failed to state a claim under the ECPA because the healthcare provider was the intended recipient of the communication and, therefore, could not have intercepted the communication allegedly occurring on the healthcare providers' website. *Id.* at 938 ("The Court concludes that Rush [the healthcare provider]—and not Facebook, Google, or Bidtellect—was the intended recipient of the allegedly intercepted communications here. Rush is therefore a party to those communications and cannot be liable under the Wiretap Act for its alleged interception of them, if such an interception even occurred."); *see also Allen*, 2023 WL 5486240 at *4 (same ruling). Like *Nienaber,* the statutory exception where a "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State" does not apply to the instant action. *See, Nienaber*, 2024 WL 2133709, at *15 (holding ECPA exception does not apply because "Plaintiff fails to plead a tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission").

Here, MultiCare did not intercept Plaintiffs' information; much less transmit Plaintiffs' Sensitive Information to commit a crime or tortious act. Plaintiffs' claims are centered on their voluntary browsing activities and interactions with MultiCare's website. Plaintiffs do not plead tortious or criminal use, but merely that the data was used to target ads to themselves. *See e.g. In re Google Cookie Placement*, 806 F.3d at 145 ("As the plaintiffs plead no tortious or criminal *use*

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 9
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

of the acquired internet histories, § 2511(d) is not inapplicable on the basis of the criminal-tortious purpose exception.") (emphasis in original). Accordingly, Plaintiffs' ECPA claim should be dismissed with prejudice.

### C.    Plaintiffs' Various Breach of Contract and Related Claims Cannot Survive a Motion to Dismiss

#### 1.    Plaintiffs Have Not Stated a Claim for Breach of Express or Implied Contract (Counts II & IV)

Under Washington law, to establish any claim for breach of express or implied contract: (1) the parties entered into an enforceable contract; (2) the Defendant breached the contract as claimed by the Plaintiffs; and (3) the Plaintiffs were damaged because of the Defendant's breach. *Nw. Indep. Forest Mfrs v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995). Plaintiffs fail to sufficiently plead any of these three elements.

*First*, Plaintiffs have not alleged existence of a valid contract. Rather than identifying an actual valid express contract, instead Plaintiffs plead only in a conclusory fashion they and other members of the putative class "entered into valid and enforceable express contracts or were third-party beneficiaries of valid and enforceable express contracts." ECF No. 16, ¶ 446. While Plaintiffs contend MultiCare's Privacy Notice is the express contract by which the parties were bound to "maintain the privacy" of Plaintiffs' Sensitive Information; as a matter of law, MultiCare's Privacy Notice is *not* considered a bargained for contract, but a healthcare provider's compliance with HIPAA's federal mandates. *See, e.g., See Neinaber,* 2024 WL 2133709, at *13; *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367–69 (S.D. Fla. 2017); *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-DCN, 2020 WL 3620025, at *14 (D.S.C. July 2, 2020).[4]

Further, under Washington law, there two classes of implied contracts: implied in fact

---

[4] Further, it is not possible for a breach of an implied contract premised on an express contract, *i.e.,* MultiCare's Privacy Policy. *See, e.g., In re VTech Data Breach Litigation*, No. 15 CV 10889, 2018 WL 1863953, at *3 (N.D. Ill. Apr. 18, 2018) ("In law and common sense, there cannot be an express and implied contract for the same thing, existing at the same time.")(citations omitted).

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 10
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

and implied by law (quasi-contracts). *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash.2d 591, 600, 137 P.2d 97, 101 (1943). Relevant here, a contract implied in fact "is an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances which, according to common understanding, show a mutual intention on the part of the parties to contract with each other." *Id.* (*citing Johnson v. Nasi*, 309 P.2d 380, 383 (1957)). "[A] trial court may 'deduce mutual assent from the circumstances, whereby the court infers a contract based on a course of dealings between the parties or a common understanding within a particular commercial setting.'" *Nienaber*, 2024 WL 2133709, at *11 (internal quotations omitted).

Here, like *Nienaber*, Plaintiffs fail to establish existence of a contract implied in fact arising from a mutual agreement expressed not in words, but through actions. While Plaintiffs allege in a conclusory fashion that such a contract exists, they do not plead *any facts* necessary to support this element. Even in the Amended Complaint, Plaintiffs allege no facts regarding the parties' *conduct* that could demonstrate mutual intent to agree upon express or implied terms. Contrary to Plaintiffs' allegations that MultiCare's privacy policy created an implied contract, this Court in *Neinaber* states, while such policies *may form* the *terms* of an implied contract, they do not alone serve as an enforceable contract without a separate "meeting of the minds" between the parties. *See Neinaber*, 2024 WL 2133709, at *13; *Doe v. Regents*, 672 F.Supp.3d 813, 821 (N.D. Cal. May 8, 2023). No such factual allegations of a separate meeting of the mind exists here. As the *Nienaber* court found, "[t]he services [giving rise to the contract] must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor and that the recipient expected, or should have expected, to pay for them." 2024 WL 2133709, at *11.

Here, Plaintiffs fail to plead how, why, or how much they paid for anything other than medical services. Such allegations are necessary to establish the consideration received by

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

MultiCare or mutual intent between Plaintiffs and MultiCare, both essential for the existence of an implied contract. *Id.*; *see also Guy*, 2023 WL 4637318, at *5 (dismissing Plaintiffs' breach of implied contract claim based on insufficient allegations of mutual intent). In reality, there are no facts alleged in the Amended Complaint to justify Plaintiffs' unsubstantiated claim Plaintiffs paid for "data privacy" pursuant to an express or implied contract between the parties.

*Second*, as there is no valid contract, there is no corresponding "breach." To satisfy the breach element of breach of contract, plaintiffs must be able to point to a specific contract or provision of a contract that has been breached. *Elliott Bay Seafoods v. Port of Seattle*, 124 Wash. App. 5, 12, 98 P.3d 491, 494 (2004). Plaintiffs have not plead such allegations, other than conclusory claims a contract existed and MultiCare breached its Privacy Notice, which as discussed, *supra*, is not legally cognizable.  ECF No. 16, ¶¶ 446, 452.

*Finally*, notwithstanding the fact Plaintiffs failed to establish a valid contract exists or breach thereof, Plaintiffs cannot establish cognizable damages as discussed in Section II(A) above. Further, Courts throughout the Ninth Circuit have dismissed similar causes of action in matters where alleged "damages" were based upon diminution in value of a plaintiff's personal data and where it is undisputed that a plaintiff did not pay defendant for its services. *See e.g., Doe v. Meta Platforms, Inc.*, 2023 WL 5837443, at *15 (N.D. Cal. Sept. 7, 2023)); *see also Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *6 (W.D. Wash. Dec. 21, 2023); *Nienaber*, 2024 WL 2113709, at *13.

Accordingly, these claims cannot survive.

### 2. Plaintiffs Have Not Stated a Claim for Breach of the Implied Duty of Good Faith and Fair Dealing (Count III)

As no contract, express or implied, exists between Plaintiffs and MultiCare, there can be no violation of this covenant.  Nevertheless, even if a contract had existed, Plaintiffs' claims *still* are not sufficient to establish a breach of the covenant here because there are no allegations in the Amended Complaint that give rise to such a breach. *See Microsoft Corp. v. Motorola, Inc.*,

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 12
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

963 F. Supp. 2d 1176, 1184 (W.D. Wash. 2013) (embracing the Restatement of Torts in the context of the covenant of good faith and fair dealing). As discussed in the Restatement of Torts Section 205, such claims exists only in situations such as: (1) where a party evades the spirit of a bargain; (2) where a party willfully renders imperfect performance; (3) where a party interferes with or fails to cooperate in the other party's performance; (4) where a party abuses discretion granted under the contract; or (5) where a party performs the contract without diligence. None of these scenarios are implicated by Plaintiffs' claims. Specifically, MultiCare could not have *interfered* with Plaintiffs, as Plaintiffs admit to voluntarily providing MultiCare with their Sensitive Information, and no allegations in the Amended Complaint indicate an abuse of discretion or discreet lack of diligence expressly provided for by the non-existent contract.

As such, the Court must dismiss this cause of action.

### D.    Plaintiffs Have Not Stated a Cognizable Claim for Breach of Fiduciary Duty (Count VI)

MultiCare has not breached any fiduciary duty to Plaintiffs, because no such duty exists in fact or law. To state a claim for breach of fiduciary duty, Plaintiffs must show "(1) existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury." *Priv. Client Fiduciary Corp. v. Pham Singh Chopra*, 2023 WL 2372917, at *6 (W.D. Wash. Mar. 6, 2023) (internal quotations omitted). Pursuant to Washington law, a fiduciary duty is derived from special relationship "of trust and confidence." *Favors v. Matzke*, 53 Wn. App. 789, 796 (1989). Specifically, the special relationship exists where "one party is relying upon the superior specialized knowledge and experience of the other...where a seller has knowledge of a material fact not easily discoverable by the buyer... and where there exists a statutory duty to disclose...." *Id*.

Here, Plaintiffs allege the "patient-physician" relationship gave rise to a special relationship creating a fiduciary duty to maintain confidentiality and secure Plaintiffs' Sensitive Information. ECF No. 16**,** ¶ 524. This theory is flawed. *First,* there are no allegations in the

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 13
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Amended Complaint of specific sensitive Protected Health Information provided in the course of the doctor/patient relationship at issue in this case. *Second*, it is illogical to argue any duty of care, much less the high duty of care created by the fiduciary relationship, exists regarding information Plaintiffs voluntarily input into MultiCare's public-facing website, as accessible to Plaintiffs as it is to any internet user in the world. *Third,* Plaintiffs never allege MultiCare is the *custodian* of Plaintiffs' data, but rather only the information was transmitted to outside third parties in the course of Plaintiffs' willful use of the website. *Fourth,* while Plaintiffs cite to various state and federal statutes which they claim MultiCare has violated, none of these confer a statutory fiduciary duty and therefore, are not relevant here. *Id.* ¶ 527. Notably, Washington Courts have never found a special relationship between a patient and a healthcare company in this context, and this court should not create the existence of such a relationship in this case.

### E.      Plaintiffs Cannot State a Claim for Unjust Enrichment (Count VII)

To state a claim for unjust enrichment, Plaintiffs must plead sufficient facts showing: (1) MultiCare received a benefit, (2) at Plaintiffs' expense, and (3) the circumstances make it unjust for MultiCare to retain the benefit without payment. *See Young v. Young*, 164 Wash.2d 477, 191 P.3d 1258, 1262 (2008). The fact a party profits at another's expense is insufficient to trigger liability for unjust enrichment; rather, the enrichment must be unjust as between the parties to a transaction. *Cox v. O'Brien*, 150 Wn. App. 24, 37 (2009).

The Washington District Court has dismissed unjust enrichment claims in similar contexts. In *In re MCG Health Data Sec. Issue Litig.*, this Court held that Plaintiffs' allegations lacking evidence of any specific benefit conferred on defendant were insufficient to establish unjust enrichment in a data breach. 2023 WL 3057428, at *6. The court reasoned that Plaintiffs did not allege they entered into a transaction with the Defendant healthcare system or that they conferred a benefit to the Defendant. *See also M.L. v. Craigslist, Inc.*, 2020 WL 6434845, *16 (W.D. Wash. April 17, 2020) (dismissing unjust enrichment claim where plaintiff did not enter

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

into a transaction and lack of any concrete benefit retained by the defendant that it would be unjust for the defendant to retain.); *see also Nienaber*, 2024 WL 2133709, at *14 (dismissing unjust enrichment claim as Plaintiff failed to adequately plead either a concrete detriment or the circumstances made it unjust for the defendant to retain any benefit conferred).

Here, Plaintiffs' allegations are insufficient to establish a claim for unjust enrichment. Similar to the Plaintiffs in *MCG Health* and *Nienaber*, Plaintiffs do not allege facts showing they conferred a benefit to MultiCare or how it would be unjust for MultiCare to retain what payments it did receive. Any expense Plaintiffs incurred were payments for healthcare services, not data privacy. *See e.g., Irwin v. Jimmy John's Franchise, LLC*, 175 F. Sup. 3d 1064, 1072 (N.D. Ill. 2016) ("[The Plaintiff] paid for food products. She did not pay for a side order of data security and protection; it was merely incidental to her food purchase, as is the liability to sit at a table to eat her food, or to use Jimmy John's restroom."); *see also Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231, 1249 (D. Colo. 2018) ("Plaintiffs paid for burritos; Plaintiffs received burritos.").

Accordingly, the Court should dismiss Plaintiffs' unjust enrichment claim.

### F.  Plaintiffs Fail to State a Claim for Negligence (Count V)

Under Washington law, to state a claim for negligence, Plaintiffs must establish duty, breach, injury and proximate causation. *Lowman v. Wilbur*, 178 Wn. 2d 165, 170 (Wash. 2013). While the Amended Complaint baldly asserts the elements of negligence, it lacks factual allegations to support the elements. *See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* (emphasizing insufficiency of "naked assertions devoid of further factual enhancement") (internal quotations and alterations omitted). As detailed below, Plaintiffs fail to establish duty, breach, and damages. As such, the Court should dismiss Plaintiffs' negligence claim.

#### 1.  MultiCare Has No Duty to Safeguard Browsing Data under Washington Law, HIPAA or the FTCA

*First*, there is no recognized duty under Washington law for safeguarding online

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

browsing information and Plaintiffs cannot imply one exists through simply using the phrase "special relationship" without any facts to support such allegations. ECF No. 16, ¶ 509. This generic unsupported allegation could be applied so broadly as to be illogical and is insufficient to establish duty. As discussed in Section II(D), there is no duty to protect non-sensitive generic information that Plaintiffs voluntary entered in MultiCare's public-facing website. Indeed, several Washington courts have dismissed negligence causes of action in the data class action context based on just such generic pleadings. *See Buckley v. Santander Consumer USA, Inc.*, 2018 WL 1532671, at *5-6 (W.D. Wash. Mar. 29, 2018) (dismissing negligence claim based on a theory of failure to maintain adequate data security because "Washington courts have not recognized a 'special relationship' between consumers and data custodians"); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F.Supp.3d 1140, 1157-58 (dismissing negligence claim based on data breach because allegations insufficient to establish a special relationship).[5]

   *Second*, Plaintiffs cannot invoke a statutory duty onto MultiCare pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Trade Commission Act ("FTCA"). ECF No. 16, ¶¶ 506-522. It is black letter law that both HIPAA's and FTCA's statutory framework do not support a private cause of action, and as such, it is illogical to allege these statutes create a duty. *See, e.g. Guy v. Convergent Outsourcing, Inc.,* 2023 WL 4637318, at *4 (W.D. Wash. Jul. 20, 2023) (dismissing negligence cause of action in data breach case and finding section 5 of the FTC Act does not create a duty); *Towles v. Dzurenda*, 735 Fed. Appx. 440, 440 (9th Cir. 2018) (finding the district court properly dismissed claim alleging HIPAA violations because "there is no private right of action under the statute."); *Garmon v. Cty. of L.A.*, 828 F.3d 837, 847 (9th Cir. 2016) (holding there is no private right of action pursuant to HIPAA); *In re MCG Health Data Sec. Issue Litig.*, 2023 WL 3057428, at *3 ("To the extent that HIPAA universally has been held not to authorize a private right of action, to permit HIPAA

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 16
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

regulations to define per se the duty and liability for breach is no less than a private action to enforce HIPAA, which is precluded."). Therefore, MultiCare has no statutory duty to "reasonably protect" Plaintiffs' Sensitive Information pursuant to statute or otherwise. [6]

### 2. As MultiCare Had No Duty, MultiCare Did Not Breach a Duty

Assuming, *arguendo*, the Court found a duty here, Plaintiffs fail to plead facts sufficient to establish a breach. Plaintiffs merely plead baseless and conclusory allegations about "unauthorized disclosure of Plaintiffs' and Class members' Private Information," implying, without support, MultiCare shared patients' Sensitive Information with third parties. In *Nienaber,* the Court granted plaintiff's motion to dismiss the negligence claim, holding "Plaintiff has made hypothetical allegations of information-sharing, Plaintiff must plead facts showing (or supporting the inference) *her* PHI was shared with Defendant and by Defendant to third parties." *Nienaber,* 2024 WL 2133709, at *8.

Here too, Plaintiffs insufficiently alleged what PHI was shared with Defendant, and then allegedly disclosed to some outside third-party. Indeed, Plaintiffs' vague allegations about ADHD, GERD, shoulder issues and "exchang[ing] messages… about prescription refills" do not establish the alleged inappropriate sharing of specific PHI. ECF No.16, ¶ 334, 358. Simply stating they received an advertisement for medications and treatment after vaguely interacting with MultiCare's website do not sufficiently establish the existence of any breach.

### 3. Plaintiffs Have Failed to Allege Damages

As detailed throughout this motion and discussed in more depth in Section II(A) above, Plaintiffs' Amended Complaint is fatally deficient as it wholly fails to allege cognizable damages, which are required for their negligence claim to survive. Even if Plaintiffs had

---

[6] The Defendant recognizes that the *Nienaber* court recognized that such a duty existed in the Pixel use context. Unlike in *Nienaber,* however, Plaintiffs do not allege any violation of the Health Care Information Act in this case.  Nonetheless, even if such a duty exists, the claim is still deficient for the additional reasons addressed herein and recognized by the *Nienaber* court in dismissing the negligence cause of action in that case.

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 17
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

established any cognizable duty or breach, which they cannot, their lack of damages invalidates these claims. "The mere danger of future harm, unaccompanied by present damage, will not support a negligence action." *Lovell v. P.F. Chang's China Bistro, Inc*., 2015 WL 4940371, at *2 (W.D. Wash. Mar. 27, 2015) (internal quotations omitted); *see also Krottner v. Starbucks Corp.*, 406 App'x 129, 131 (9th Cir. 2010) ("Under Washington law, [a]ctual loss or damage is an essential element in the formulation" of a negligence claim). Here, Plaintiffs do not allege any cognizable tangible present damages they suffered. Instead, they plead only speculative potential risks of future harm, self-inflicted damages, or generic "inconveniences" instead of actual damages. As *Lovell* explains, "the fear that something might happen in the future is simply too speculative an injury to give rise to a present cause of action." *See* 2015 WL 4940371, at *2. Indeed, as in *Nienaber*, Plaintiffs here do not allege facts establishing any heightened risk of future identity theft, loss of privacy with regards to *highly sensitive information*, loss of time or risk of embarrassment. *Nienaber,* 2024 WL 2133709, at *8. Given the additional lack of any economic damages pled, Plaintiffs have not established any cognizable damages.

Accordingly, as Plaintiffs wholly fail to establish any of the elements of negligence, this claim must be dismissed.

### G.    Plaintiffs' Invasion of Privacy Claim Must Be Dismissed (Count VIII)

As confirmed in *Nienaber, Beagle,* and *Castillo*, Plaintiffs' invasion of privacy cause of action cannot survive a motion to dismiss.

There can be no intrusion upon seclusion here because the alleged intrusion, if any, was carried out by third parties, Meta or Google, not MultiCare. *Poore-Rando*, 2017 WL 5756871, at *2 ("[A]n actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act.") (*quoting O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989) (alteration in original). To prevail on an intrusion on seclusion claim, a plaintiff must prove that the defendant (1)

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 18
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

deliberately intruded; (2) into the plaintiff's solitude, seclusion, or private affairs; (3) in a manner that would be highly offensive to a reasonable person. *Youker v. Douglas Cty.,* 178 Wn. App. 793, 797 (2014). The defendant's intrusion must substantially interfere with a plaintiff's seclusion in a highly offensive or objectionable to a reasonable person. *Id.* "Invasion of privacy by intrusion consists of a deliberate intrusion, physical or otherwise, into a person's solitude, seclusion, or private affairs." *Fisher,* 106 P.3d at 840.

In dismissing virtually identical intrusion upon seclusion claims, this Court in *Nienaber* adopted the Northern District of Illinois rationale in the *Kurowski* case. The *Kurowski* Court dismissed a plaintiff's intrusion of seclusion claim, holding that the defendant healthcare center did not intrude into its patient's solitude or seclusion, finding that the patients *willfully* provided the Defendant with Sensitive Information. *Id.* at 9; *see also Nienaber,* 2024 WL 2133709, at *23 ("Because the plaintiff voluntarily shared her information with the defendant, there was no *intrusion* upon plaintiff's solitude, seclusion, or private affairs by defendant). Similarly here, Plaintiffs admit to voluntarily providing MultiCare with Sensitive Information in the very first paragraphs of the Complaint. ECF No. 16, ¶¶ 5-6. Accordingly, Plaintiffs' invasion of privacy claim premised on an intrusion upon seclusion theory is flawed.

Also flawed is Plaintiffs' invasion of privacy claim premised on a public disclosure of private information. "To prevail on a public disclosure of private facts claim, a plaintiff must prove that the defendant (1) intentionally disclosed private facts; (2) that were not of legitimate concern to the public; (3) which disclosure would be highly offensive to a reasonable person." *Armijo v. Yakima*, 2012 WL 2576624, *2 (E.D. Wash. July 3, 2012). "[P]ublicity for the purposes of [a public disclosure of private facts claim] means communication to the public at large so that the matter is substantially certain to become public knowledge." *Fisher*, 106 P.2d at 840–41. Recently, in the Pixel context, this Court expressly rejected the exact public disclosure invasion of privacy theory put forth by plaintiffs in this case. *See Beagle*, 2024 WL

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

4028290, at *5 ("This is not a case about Amazon's disclosure of plaintiffs' PII to the public at large. To the contrary . . . it is a case about Amazon's alleged disclosures of PII within the Amazon ecosystem and to certain third parties to communicate with Amazon users about promotional offers and target them with ads."); *citing Nienaber*, 2024 WL 2133709, at *10 ("Plaintiff does not allege that the information shared by defendant will become available to the public at large; to the contrary, plaintiff alleges that the information is shared with Facebook and, in turn, is being used by Facebook to target plaintiff herself."); *see also Castillo*, 2024 WL 4785136, at *14.

Based on the foregoing, this Court should dismiss Plaintiffs' invasion of privacy claims.

### H.    Plaintiffs have Not Stated a Claim Pursuant to the Washington Consumer Protection Act (Count IX)

Plaintiffs' failure to allege any cognizable damages also proves fatal to the Washington Consumer Protection Act ("CPA") claim. ECF No. 16, ¶¶ 560-570. "To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37 (2009) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784, 719 P.2d 531 (1986)). Either an unfair or a deceptive act can be the basis for a CPA claim. *Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 787 (2013); *Nienaber* 2024 WL 2133709, at *17. Plaintiffs must, however, allege a sufficient injury. *Guy*, 2023 WL 4637318, at *8. Further, failure to satisfy even one element is fatal to a CPA claim. *Id.* at 539–40.

*First*, as this Court held in *Beagle,* Plaintiffs' allegations that MultiCare provided its Sensitive Information to non-parties Meta and Google does not constitute "an unfair or deceptive act or practice" under RCW 19.86.020. An act or practice "is unfair [if it] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits." *Domain Name Comm'n Ltd. v.*

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 20
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Domain Tools*, *LLC*, 449 F. Supp. 3d 1024, 1031 (W.D. Wash. 2020). An unfair practice offends public policy or is "unethical, oppressive, or unscrupulous." *Mellon v. Reg'l Tr. Servs. Corp*., 334 P.3d 1120, 1126 (Wash. Ct. App. 2014).

In *Beagle*, the Court held plaintiff's failure to allege that Amazon disclosed its personal information precluded its ability to plead an unfair business practice. *Beagle,* 2024 WL 4028290 at *4. Importantly, the *Beagle* court recognized that even if Amazon's actions were considered "unfair" pursuant to the statute, plaintiff's allegations he read privacy policy and still *voluntarily* interacted with the website provided that the injury was avoidable. *Id.* Similarly here, as detailed in Section II(B), Plaintiffs fail to allege that MultiCare transmitted their Sensitive Information to Meta or Google. Further, even if Plaintiffs sufficiently alleged transmittal, which they do not, it is not disputed that Plaintiffs voluntarily interacted with and provided their information to MultiCare, and as such, any injury was avoidable.

*Second*, Plaintiffs' CPA claim fails because Plaintiffs do not plausibly allege any impact on the public interest. *See Umouyo v. Bank of Am., N.A.*, 2023 U.S. Dist. LEXIS 17291, at *16 (W.D. Wash. Feb. 1, 2023). "The Legislature intended that even a private plaintiff should be required to show that the acts complained of affect the public interest." *Hangman Ridge Training Stables, Inc.*, 719 P.2d at 537. The Washington Supreme Court identifies these factors as relevant to this inquiry:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Id.* at 538. Plaintiffs' Amended Complaint includes no factual allegations relevant to these considerations, but instead generically alleges that MultiCare's "conduct is injurious to the

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 21
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

public interest because it violates RCW 19.86.020… injured Plaintiff and the Washington Subclass members and had the capacity to injure persons." ECF No. 16, ¶ 567. These conclusory allegations "are insufficient as they fail to plead facts demonstrating any reasonable impact to members of the public." *Umouyo*, 2023 U.S. Dist. LEXIS 17291, at *17.

*Third*, the CPA requires "but for" causation, which Plaintiffs do not satisfy. CPA requires "[a] causal link . . . between the unfair or deceptive acts and the injury suffered by plaintiff." *Hangman Ridge*, 719 P.2d at 539. "That link must establish that the alleged injury would not have occurred 'but for' the defendant's unlawful acts." *Patrick v. Wells Fargo Bank, N.A.*, 385 P.3d 165, 171 (Wash. Ct. App. 2016) (internal quotations omitted). As above, Plaintiffs here fail to allege any unfair or deceptive act by MultiCare which was the proximate cause of Plaintiffs' injuries.

*Lastly*, Plaintiffs do not sufficiently allege injury to business or property under the CPA. The CPA requires each Plaintiff to plead and prove "injury to plaintiff in his or her business or property." RCW 19.86.090; *Hangman Ridge*, 719 P.2d at 533-35. "Personal injuries, as opposed to injuries to 'business or property,' are not compensable and do not satisfy the injury requirement." *Panag*, 204 P.3d at 899. "Thus, "damages for mental distress, embarrassment, and inconvenience are not recoverable under the CPA." *Id*. Further, "an invasion of privacy is a 'personal' injury, rather than a 'business or property' injury[.]" *Gragg v. Orange Cab Co*., 942 F. Supp. 2d 1111, 1119 (W.D. Wash. 2013).

Plaintiffs do not plead "injury to business or property" under any theory. They broadly allege only "personal" injuries, which are categorically excluded from what is recoverable under the CPA. ECF No. 16, ¶ 384. *See Ambach v. French*, 216 P.3d 405, 408 (Wash. 2009); *Babrauskas v. Paramount Equity Mortg*., 2013 WL 5743903, at *4 (W.D. Wash. Oct. 23, 2013) ("distress or concern caused by the possibility of foreclosure" not recoverable under CPA); *McCrorey v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 681208, at *4 (W.D. Wash. Feb. 25,

**GORDON REES SCULLY
MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

2013) ("[t]hreats of eviction" insufficient under CPA); *Gragg*, 942 F. Supp. 2d at 1119 (invasion of privacy, aggravation, and annoyance not cognizable).

Based on the foregoing, Plaintiffs' Amended Complaint fails to plead CPA's several required elements, and as such, it must be dismissed.

## I.    Plaintiffs Have Not Stated a Claim Pursuant to the Washington Revised Code § 7.70 and Counts I-IX are Preempted by this Claim (Count X)

Chapter 7.70 RCW, known as the medical malpractice statute, governs "all civil actions and causes of action, whether based on tort, contract, or otherwise, for damages for injury occurring as a result of healthcare." RCW 7.70.010. *Bozung v. MultiCare Health Sys.*, 31 Wash. App. 2d 1017, review denied, 556 P.3d 1102 (Wash. 2024). "To recover damages for "injury occurring *as the result of healthcare*," a plaintiff must establish at least one of three propositions: (1) injury resulted from the failure of a healthcare provider to follow the accepted standard of care; (2) a healthcare provider promised the patient or his or her representative that the injury suffered would not occur; or (3) injury resulted from healthcare to which the patient or their representative did not consent. *Reagan v. Newton*, 7 Wash. App. 2d 781, 790, 436 P.3d 411, 416 (2019).

This claim is deficient for several reasons. *First*, Plaintiffs have not suffered an "injury" as a result of MultiCare's purported conduct. *See* Section I. *Second*, Plaintiffs have failed to allege an express promise or obligation on behalf of MultiCare that was breached. *See* Section II(C). Finally, Plaintiffs admit to voluntarily using the MultiCare website and as such, cannot contend that they were injured from their failure to consent because they did consent. Further, this claim is based on the same factual predicate as their other claims. Accordingly, the remaining causes of action they allege are preempted because "whenever an injury occurs as a

DEFENDANT'S MOTION TO
DISMISS PURSUANT TO FRCP
12(b)(1) and 12(b)(6) - 23
Case No. 3:24-cv-05552-LK

result of healthcare, the action for damages for that injury is governed exclusively by RCW 7.70" *Branom v. State*, 94 Wash. App. 964, 971, 974 P.2d 335, 339 (1999).[7]

## CONCLUSION

WHEREFORE, MultiCare respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice and without leave to amend, and for all other relief deemed necessary and appropriate.

## CERTIFICATION OF WORD COUNT

I certify that this memorandum contains 7,999 words, in compliance with the Local Civil Rules.

## CERTIFICATION OF CONFERRAL

Pursuant to the Court's Standing Order for All Civil Cases, attorney for MultiCare conferred with Plaintiffs' counsel on, Wednesday December 18, 2024, regarding this Motion. The parties were unable to narrow the claims to be decided by the Court.

Respectfully submitted this 23rd day of December 2024.

GORDON REES SCULLY MANSUKHANI, LLP

By: _s/Shannon L. Wodnik_
    Shannon L. Wodnik, WSBA #44998
    Brian Middlebrook (*pro hac forthcoming*)
    Justin Holmes (*pro hac forthcoming*)
    Alexandra Mormile (*pro hac forthcoming*)
    *Attorneys for Defendant MultiCare Health System*
    Gordon Rees Scully Mansukhani, LLP
    701 Fifth Avenue, Suite 2100
    Seattle, WA 98104
    Phone: (206) 695-5100
    Email: swodnik@grsm.com
        bmiddlebrook@grsm.com
        jholmes@grsm.com
        amormile@grsm.com

---

[7] The fact that Plaintiffs have not sufficiently alleged the elements of this claim are immaterial to the fact that section 7.70 provides Plaintiffs their sole recourse for the subject matter of this lawsuit.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6) - 24
Case No. 3:24-cv-05552-LK

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822