HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL SMALL and RAYMOND PATEE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM D/B/A MULTICARE,<br><br>Defendant. | NO. 3:24-cv-05552-LK<br><br>**DEFENDANT MULTICARE HEALTH SYSTEM'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) & 12(b)(6)**<br><br>**ORAL ARGUMENT REQUESTED** |



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

# TABLE OF CONTENTS


**Page**

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................2

I. PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED STANDING UNDER ARTICLE III..........................................................................................2

II. PLAINTIFFS' AMENDED COMPLAINT DOES NOT SUFFICIENTLY ESTABLISH ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED. .2

A. The *Nienaber* Decision Remains Instructive ...........................................2

B. Plaintiffs Have Not Stated an ECPA Claim (Count I)..............................4

C. Plaintiffs Have Not Stated a Claim for Breach of Implied Contract (Count III) ..........................................................................................5

D. Plaintiffs Have Not Stated a Cognizable Claim for Breach of Fiduciary Duty (Count VI)......................................................................................6

E. Plaintiffs Do Not Establish a Claim for Unjust Enrichment (Count VII)..7

F. Plaintiffs Fail to State a Claim for Negligence (Count V)........................8

1. MultiCare Has no Duty to Safeguard Plaintiffs' Information .......8

2. Plaintiffs Have Not Sufficiently Pled Breach Element..................8

3. Plaintiffs Have Failed to Allege Cognizable Damages..................9

G. Plaintiffs Have Not Stated a Claim for Invasion of Privacy (Count VIII).9

H. Plaintiffs Have Not Stated a Claim Pursuant to the Washington Consumer Protection Act (Count IX) ....................................................10

I. Plaintiffs Have Not Stated a Medical Malpractice Claim and their Remaining Claims are Preempted by this Claim (Count X)....................11

CERTIFICATION OF CONFERRAL.....................................................................12

CERTIFICATION OF WORD COUNT ................................................................12




**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

## INTRODUCTION

Plaintiffs' Opposition (the "Opposition" or "Opp.") to MultiCare Health System's ("MultiCare") Motion to Dismiss (the "Motion") is replete with hyperbole and conclusions unsupported by *actual factual allegations* in the Amended Complaint ("Am. Compl."). According to that Amended Complaint, Plaintiffs filed this lawsuit against MultiCare for its alleged use of tracking technologies on its website, without any corresponding allegations of how Plaintiffs have suffered any kind of financial or compensable injury. In fact, the Amended Complaint fails to plead a single ***fact*** suggesting that the Plaintiffs have incurred a penny of financial damage traceable to Plaintiffs' voluntary use of any part of MultiCare's website, or because of Multicare's alleged use of tracking technologies on its website. This failure proves fatal to their claims, as do the additional deficiencies identified in the Motion and discussed below.

Indeed, Plaintiffs' Opposition reinforces why Plaintiffs' claims fail as a matter of law. Plaintiffs make sweeping allegations that MultiCare collected and disclosed Plaintiffs' personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Sensitive Information). Yet, Plaintiffs never identify with specificity the *"what" and "when"* of such occurrences—nor can they, because there are no such factual allegations regarding the disclosure of Sensitive Information in the Amended Complaint. The vague and conclusory allegations regarding the medical conditions of the two named Plaintiffs, combined with ambiguous and nondescript allegations about their interactions with MultiCare's website — a handful of sentences out of 124 pages and 578 paragraphs of allegations — are too threadbare even at the pleading stage of this litigation. Accordingly, Plaintiffs cannot maintain any actionable claims against MultiCare, and Plaintiffs' Amended Complaint should be dismissed in its entirety with prejudice.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

## ARGUMENT

### I. PLAINTIFFS' HAVE NOT SUFFICIENTLY ALLEGED STANDING UNDER ARTICLE III

Despite Plaintiffs' assertions in their Opposition, there are no facts pled in the Amended Complaint establishing *any* cognizable harm suffered here. Nothing about receiving "targeted ads" constitutes an actual injury-in-fact. *See e.g., T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, at *3 (N.D. Ga. Aug. 28, 2024) (In analogous pixel tracking cases, "No facts are alleged that would explain how receiving targeted advertisements . . . would plausibly cause any of the Plaintiffs to suffer . . . damages. This is not a case where the Plaintiffs' personal information was stolen by criminal hackers with malicious intent. The Plaintiffs received targeted advertisements because they are Facebook users and have Facebook IDs. The Court finds the Plaintiffs' damages theories untenable."). Moreover, even if there was harm, Plaintiffs' Amended Complaint lacks facts showing how such "harm" is fairly traceable to their limited vague interactions with MultiCare's website. Plaintiffs' failure to allege with sufficient specificity exactly what information was entered into MultiCare's online platform, and when it occurred, makes it impossible to establish any ads that existed were "traceable" to interactions with MultiCare's website. Indeed, Plaintiffs need the Court to "presume" such a connection, even though no facts exist to make that conclusion more than mere conjecture. As such, Plaintiffs lack standing and their Amended Complaint should be dismissed with prejudice given Plaintiffs' failure to establish standing even after having had the opportunity to amend.

### II. PLAINTIFFS' AMENDED COMPLAINT DOES NOT SUFFICIENTLY ESTABLISH ANY CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

Because Plaintiffs acknowledge in their Opposition they are withdrawing Count II and Count III, MultiCare does not address those Counts herein. *See* Opp. at 4, FN. 4.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

### A. The *Nienaber* Decision Remains Instructive

It is immaterial that the Court permitted Overlake Hospital to amend their Complaint following the May 2024 decision. The rationale underlying the *Nienaber* decision remains relevant to why Plaintiffs' claims here also fail to state a claim. Plaintiffs argue that their allegations regarding their interactions with Multicare's website are "more detailed" than those in *Nienaber's* Amended Complaint. *See* Pl. Opp. at 20. A plain reading of the facts actually alleged in the Amended Complaint, however, establishes their allegations are still far too vague.

As noted above, amongst the 124-page, 578 paragraph Amended Complaint, Plaintiffs point to only a handful of sentences that they claim provide the "detail" to distinguish their case from *Nienaber*. Specifically:

- Both Plaintiffs Small and Patee allege the same general use of MultiCare's website to "make appointments . . . exchange message with his provides, fill out questionnaires . . . request referrals . . . refill prescriptions, update medication information, and check medical test results." *See* Am. Compl. ¶¶ 333, 357. Except per the below, neither specifies exactly what treatments any of this relates to, when this occurred, or the specific Sensitive Information at issue regarding any of this activity.
- Plaintiff Small also alleges he suffers from attention deficit/hyperactivity disorder ("ADHD") and gastroesophageal reflux disease ("GERD") and submitted messages to MultiCare regarding prescriptions for same. *Id*. ¶¶ 334-335. He does not identify those prescriptions or the substance of said messages that involved specific Sensitive Information.
- Plaintiff Small also alleges, generally, receiving treatment for an infection, shoulder surgery from MultiCare, and that he has paid medical bills via the website. *Id.* ¶¶ 331-337. Again, he does not provide any specificity regarding Sensitive Information actually entered into the MultiCare website related to these allegations.
- Plaintiff Patee alleges vaguely that he "sought care" from MultiCare for bladder and prostate health and "submitted information to MultiCare's Web Properties about each of these medical conditions." *Id.* ¶ 357. He does not indicate what specific Sensitive Information was submitted.
- Plaintiff Patee's specific allegations regarding interactions with MultiCare's website are limited to messaging with MultiCare regarding prescriptions in June of 2024 and using the website to "pay medical bills." *Id.* ¶ ¶ 358-59. He does not identify what prescriptions, the substance of such messages, or exactly how the



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

payments involved Sensitive Information.

Neither Plaintiff specifically alleges actual specific Sensitive Information, via URL or otherwise, actually collected or transmitted. Indeed, these vague assertions about general conditions and interaction with MultiCare's website are no more detailed than those in the original *Nienaber* complaint, which was dismissed. Further, that Plaintiffs are willing to file such allegations in a publicly available manner undermines their position that such information is "private" or "sensitive" in the first place.

Notably, Plaintiffs neglect to mention how this Court adopted its holdings in *Nienaber* in multiple instances over the last year — resulting in dismissal of a number of claims Plaintiffs attempted to argue arose out of similar pixel-tracking allegations. *See, e.g. Beagle v. Amazon*, 2024 WL 4028290, at *4-5 (W.D. Wash., May 20, 2024) (dismissing Washington Consumer Protection claim and invasion of privacy claim arising out of website pixel use); *Castillo v. Costco Wholesale Corp.*, 2024 WL 4785136 at *14-16 (W.D. Wash., Nov. 13, 2024) (citing *Nienaber* and dismissing breach of implied contract, conversion, and invasion of privacy causes of action). Further, Courts around the country have recently relied on the *Nienaber* decision and rationale in dismissing pixel tracking class actions. *See, e.g., K.L. v. Legacy Health, 2024 WL 4794657* (D. Or. Nov., 14, 2024) (relying on *Nienaber* and dismissing breach of implied contract and invasion of privacy causes of action in pixel tracking class action); *Piedmont Healthcare, Inc.*, 2024 WL 3972984, at *3 (relying on *Nienaber* dismissing all causes of action including ECPA, negligence, breach of contract, unjust enrichment and invasion of privacy in pixel tracking class action).

Accordingly, MultiCare respectfully requests the Court apply a similar rationale as the *Nienaber* court and dismiss this case.

**B. Plaintiffs Have Not Stated an ECPA Claim (Count I)**

In their Opposition, Plaintiffs argue that the crime-tort exception of the ECPA applies to



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

their claims because MultiCare purportedly "intercepted" their communications "***for the purpose of committing any criminal or tortious act**.*." 18 U.S.C. § 2511(2)(d) (emphasis added); Pl. Opp. at 9. Plaintiffs' Opposition, however, fails to allege what tortious or criminal act MultiCare has committed, other than claiming generally some "unknown" violation of HIPAA in the alleged transmission of PHI and/or PII to third-parties such as Google or Meta. Pl. Opp. at 10. Indeed, the *Nienaber* Court, as well as other courts around the country have appreciated the failings in such arguments. *See Nienaber*, 2024 WL 2133709, at *15 (holding ECPA exception does not apply because "Plaintiff fails to plead a tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission") (internal citiations omitted); *see also Pena v. GameStop*, 670 F. Supp. 3d 1112, 1119 (S.D. Cal. 2023) (dismissing ECPA claim and noting the crime-tort exception does not apply because plaintiff still "failed to plead a tortious or criminal use of the acquired communications, separate from the recording, interception, or transmission."); *Kurowski v. Rush Sys. for Health*, 2023 WL 4707184, at *4 (N.D. Ill. July 24, 2023) (same); *In re Google Cookie Placement*, 806 F.3d at 145 ("As the plaintiffs plead no tortious or criminal *use* of the acquired internet histories, § 2511(d) is not inapplicable on the basis of the criminal-tortious purpose exception.") (emphasis in original). Accordingly, Plaintiffs' ECPA claim should be dismissed with prejudice.

### C. Plaintiffs Have Not Stated a Claim for Breach of Implied Contract (Count III)

Plaintiffs' Opposition does not undermine the arguments laid out in MultiCare's Motion establishing the deficiencies with Plaintiffs' implied contract argument. MultiCare's Privacy Policy has not created an implied contact between MultiCare and Plaintiffs, and several courts around the country have held just that in analogous pixel tracking class action matters. *See, e.g. Neinaber*, 2024 WL 2133709, at *13 (holding privacy policies do not alone serve as an enforceable contract without a separate "meeting of the minds" between the parties); *M.R. v. Salem Health Hospitals*, No. 6:23-CV-01691-AA, 2024 WL 3970796, at * 6 (D. Or. Aug. 28, 2024) (dismissing breach of implied contract cause of action becaused "[a] patient's choice to



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

use Defendant as a medical service provider does not indicate an intention to enter into an implied contract for the security of information entered on Defendant's website.") *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367–69 (S.D. Fla. 2017) (dismissing breach of implied contract cause of action in data breach matter because plaintiff "transacted to receive healthcare services from the Defendants – not data privacy services"); *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-DCN, 2020 WL 3620025, at *14 (D.S.C. July 2, 2020) (dismissing breach of contract and implied contract cause of action in data security matter based on privacy policies because privacy policy is not "contractual in nature"); *Doe v. Regents*, 672 F.Supp.3d 813, 821 (N.D. Cal. May 8, 2023) (same).

Further, Plaintiffs have failed to allege cognizable damages. *See* Motion, Section II(A). In their opposition, Plaintiffs allege that they were somehow damaged because they paid for MultiCare's services. Pl. Opp. at 13. Allegations of how, how much, for what or when such payments occurred, however, do not exist in the Amended Complaint. Accordingly, Plaintiffs have not established damages. *See Nienaber*, 2024 WL 2133709, at *13. Nor have they sufficiently alleged the existence of consideration underlying the existence of any "implied contract." *Id*. Accordingly, Plaintiffs' breach of implied contact claim cannot survive.

### D. Plaintiffs Have Not Stated a Cognizable Claim for Breach of Fiduciary Duty (Count VI)

Plaintiffs argue in their Opposition that a fiduciary relationship was created by the disclosure of patient information to third parties for advertising purposes without consent. *See* Opp. at 13. *First*, all of the caselaw Plaintiffs cite deals specifically with the treating doctor/patient relationship — Plaintiffs point to **no caselaw** establishing such a duty in Washington in the context of a patient interaction with a publicly available website. *Second*, nothing about the allegations regarding the Named Plaintiffs interactions with the MultiCare website establish the existence of any conduct at issue clearly falling into the treating doctor/patient relationship. Plaintiffs' threadbare allegations regarding any "treatment"



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

received are general, conclusory and vague — at best. Washington Courts have not recognized a special relationship between a patient and a healthcare company in this context, and this court should not create such a relationship in this case.

**E. Plaintiffs Do Not Establish a Claim for Unjust Enrichment (Count VII)**

Plaintiffs argue that because they paid for medical services from MultiCare, the retention of Plaintiffs' Sensitive Information by MultiCare confers some "benefit" on MultiCare sufficient to establish unjust enrichment. Pl. Opp. at 15. This argument is without merit for several reasons. *First*, Plaintiffs admit that they sought out medical services from MultiCare. Notwithstanding the legion of statutory/regulatory reasons MultiCare has to retain Sensitive Information received in the course of that relationship, there is nothing inherently unscrupulous about MultiCare's retention of any Sensitive Information. *Second*, Plaintiffs allege in their Opposition that there was some "exchange of [that data] for advertising services." *See* Opp. at 14. There are not, however *any allegations* in the Amended Complaint of any specific *benefit* obtained by MultiCare regarding targeted ads — only allegations that Plaintiffs received such targeted ads, and general conclusory allegations. Without some actual benefit to MultiCare resulting from alleged ads received by these Plaintiffs, there is no unjust enrichment claim. *Third*, as discussed above, Plaintiffs' allegations in the Amended Complaint regarding payment are conclusory and lacking necessary specificity.

*Finally*, Plaintiffs' citation to out of state and non-precedential decisions is unpersuasive, especially given that there are recent and controlling decisions in Washington District Courts which support dismissal of this cause of action. *See, e.g. In re MCG Health Data Sec. Issue Litig.*, 2023 WL 3057428, at *6 (holding Plaintiffs did not allege they entered into a transaction with the Defendant healthcare system or that they conferred a benefit to the Defendant); *M.L. v. Craigslist, Inc.*, 2020 WL 6434845, *16 (W.D. Wash. April 17, 2020) (dismissing unjust enrichment claim as plaintiffs allege no transaction); *see also Nienaber*, 2024 WL 2133709, at *14.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

**F. Plaintiffs Fail to State a Claim for Negligence (Count V)**

**1. MultiCare Has no Duty to Safeguard Plaintiffs' Information**

Plaintiffs have not established a common law or statutory duty in their Amended Complaint. In their opposition, Plaintiffs confusingly rely on the text of the Washington Health Care Information Act ("HCIA"), which Plaintiffs admit they never cite to or rely upon in their Amended Complaint. *See* Pl. Opp. at 17. Plaintiffs argue that the Court in *Nienaber* found a duty existed under this statute. *Nienaber*, 733 F. Supp. 3d at 1086. Plaintiffs cannot, however, rely on a statute which never appears in their Amended Complaint as a basis for their claims that MultiCare has a duty.

Nevertheless, even if the Court was to ignore Plaintiffs' failure to plead the HCIA, on this issue the Court should diverge from the findings in *Nienaber* as it conflicts with prior precedent holding otherwise. Indeed, this argument has been rejected by several Washington courts who have dismissed negligence causes of action in the data-information class action context[1] based on just such generic pleadings. *See Buckley v. Santander Consumer USA, Inc.*, 2018 WL 1532671, at *5-6 (W.D. Wash. Mar. 29, 2018) (dismissing negligence claim based on a theory of failure to maintain adequate data security because "Washington courts have not recognized a 'special relationship' between consumers and data custodians"); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F.Supp.3d 1140, 1157-58 (W.D. Wash. Nov. 9, 2017) (dismissing negligence claim based on data breach because allegations insufficient to establish a special relationship).

**2. Plaintiffs Have Not Sufficiently Pled Breach Element**

Even if this Court were to agree with Plaintiffs and find a duty as in *Nienaber*, then this Court should also apply the later rationale from *Nienaber* in finding that Plaintiffs' allegations

[1] Although Plaintiffs allege that data breach class actions are not analogous to pixel tracking class actions in their opposition (*See* Pl. Opp. at 17), the duties alleged in data breach class actions are identical to those alleged in Plaintiffs' Complaint – i.e. the duty of an entity to safeguard ones' data. Accordingly, these holdings in data breach class actions are persuasive here.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

do not sufficiently establish breach. *Nienaber*, 2024 WL 2133709, at *8.

**3. Plaintiffs Have Failed to Allege Cognizable Damages**

As discussed above and in MultiCare's Motion, Plaintiffs' failure to allege cognizable damages is also fatal to this cause of action. *See e.g., Lovell v. P.F. Chang's China Bistro, Inc.*, 2015 WL 4940371, at *2 (W.D. Wash. Mar. 27, 2015) (internal quotations omitted); *see also Krottner v. Starbucks Corp.*, 406 App'x 129, 131 (9th Cir. 2010) ("Under Washington law, [a]ctual loss or damage is an essential element in the formulation" of a negligence claim). Plaintiffs' Amended Complaint points to some amorphous "loss of privacy" or "diminished value" of information to try, unpersuasively, to establish damages — without explaining how any "targeted ads" they received resulted in either. Also problematic to Plaintiffs, both named Plaintiffs specifically allege that they, "used and continues to use . . . and access both an active Google account and an active Facebook account throughout the relevant period in this case." *See* Amended Compl. at ¶¶ 338 and 360. It is illogical to claim a loss of privacy or diminished value of information for information obtained by companies that, by Plaintiffs' own admission, they "maintain and access" accounts. Further, and as noted above, Plaintiffs have now filed their Complaint about such "Sensitive Information" publicly—disproving that they viewed such information as "private," "sensitive," or "valuable" in the first place.

Accordingly, Plaintiffs' negligence claim should be dismissed.

**G. Plaintiffs Have Not Stated a Claim for Invasion of Privacy (Count VIII)**

Plaintiffs cite a litany of out of state, distinguishable, and outdated case law in their opposition which they contend establishes that they have stated a claim for invasion of privacy. *See* Pl. Opp. at 19 – 20. Problematically, however, Plaintiffs have no way to distinguish their claims from the invasion of privacy claims recently dismissed in pixel tracking cases by Washington District Courts. *See Beagle*, 2024 WL 4028290, at *5 (dismissing invasion of privacy claims as there was no public disclosure); *Nienaber*, 2024 WL 2133709, at *23 (same); *Castillo*, 2024 WL 4785136, at *14 (same).



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

Further, there can be no intrusion upon seclusion here because Plaintiffs voluntarily provided their information to MultiCare. *Nienaber*, 2024 WL 2133709, at *10.

Finally, Plaintiffs' arguments regarding public disclosure were the same as those expressly rejected by the *Nienaber* and *Castillo* courts. *See id.* ("Plaintiff does not allege that the information shared by defendant will become available to the public at large; to the contrary, plaintiff alleges that the information is shared with Facebook and, in turn, is being used by Facebook to target plaintiff herself."); *see also Castillo*, 2024 WL 4785136, at *14 ("As in *Nienaber*, Plaintiffs only make conclusory assertions that their personal health data have been disclosed to third-parties other than Meta… Without more specific allegations about the extent to which Plaintiffs' personal health data were disclosed, the Court cannot evaluate whether it is plausible that the degree to which such disclosure could be offensive outweighs the scope of disclosure") (internal citations omitted).

As such, this Court must join in the recent decisions issued by this Court and dismiss Plaintiffs' invasion of privacy claim with prejudice.

### H. Plaintiffs have Not Stated a Claim Pursuant to the Washington Consumer Protection Act (Count IX)

Plaintiffs' failure to allege any cognizable damages also proves fatal to the Washington Consumer Protection Act ("WCPA") claim. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 37 (2009) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784, 719 P.2d 531 (1986)); *Guy*, 2023 WL 4637318, at *8. Indeed, failure to satisfy even one element is fatal to a WCPA claim. *Id.* Indeed, Plaintiffs do not plead "injury to business or property" under any theory. They broadly allege only "personal" injuries, which are categorically excluded from what is recoverable under the WCPA. ECF No. 16**,** ¶ 384. *See Ambach v. French*, 216 P.3d 405, 408 (Wash. 2009); *Babrauskas v. Paramount Equity Mortg.*, 2013 WL 5743903, at *4 (W.D. Wash. Oct. 23, 2013) ("distress or concern caused by the possibility of foreclosure" not recoverable under [W]CPA); *McCrorey v. Fed. Nat'l Mortg.*



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

*Ass'n*, 2013 WL 681208, at *4 (W.D. Wash. Feb. 25, 2013) ("[t]hreats of eviction" insufficient under [W]CPA); *Gragg*, 942 F. Supp. 2d at 1119 (invasion of privacy, aggravation, and annoyance not cognizable); *see also, Beagle*, 2024 WL 4028290 at *4 (dismissing [W]CPA claim).

**I. Plaintiffs Have Not Stated a Medical Malpractice Claim and their Remaining Claims are Preempted by this Claim (Count X)**

Plaintiffs cannot cite one persuasive or even comparable case to support their claim that they have sufficiently established a medical malpractice cause of action. Indeed, there is no controlling case law, or any case law, in Washington which applies this standard to pixel tracking class action matters. The Court should not create precedent here. Further, Plaintiffs offer no arguments to combat MultiCare's preemption argument raised in the Motion. *See Branom v. State*, 94 Wash. App. 964, 971, 974 P.2d 335, 339 (1999). For the reasons set forth in Multicare's Motion and restated herein, this cause of action should be dismissed with prejudice and also serves to preempt Plaintiffs' ability to bring any of their other causes of action.

**CONCLUSION**

WHEREFORE, MultiCare respectfully requests that this Court dismiss Plaintiffs' Amended Complaint with prejudice and without leave to amend, and for all other relief deemed necessary and appropriate.



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100

**CERTIFICATION OF CONFERRAL**

As detailed in the Motion, pursuant to the Court's Standing Order for All Civil Cases, attorney for MultiCare conferred with Plaintiffs' counsel on, Wednesday December 18, 2024, regarding this Motion. The parties were unable to narrow the claims to be decided by the Court.

**CERTIFICATION OF WORD COUNT**

I certify that this memorandum contains 3,517 words, in compliance with the Local Civil Rules.

Respectfully submitted this 4th day of February, 2025.

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/Zackary Paal*
Zackary Paal, WSBA #45077
Brian Middlebrook (*pro hac forthcoming*)
Justin Holmes (*pro hac forthcoming*)
Alexandra Mormile (*pro hac forthcoming*)
*Attorneys for Defendant MultiCare Health System*
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Email: zpaal@grsm.com
bmiddlebrook@grsm.com
jholmes@grsm.com
amormile@grsm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the parties.

DATED this 4th day of February, 2025.

*s/ Leslie Boulanger*
Leslie Boulanger



**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100